(No. 15934.—Decree affirmed.)
E. L. MAHER, Appellant, *vs.* ANNA GOFF, Appellee.

*Opinion filed April 24, 1925.*

1. HOMESTEAD—*when wife becomes owner of homestead right.* Where a husband deserts his wife, or where she obtains a divorce and the custody of the children, she becomes the head of a family and the homestead right passes to her.

2. SAME—*occupancy not necessary to continuance of homestead estate.* Where a wife by divorce or by desertion of her husband becomes entitled to the homestead estate it is not essential to its continuance that she reside upon the premises, but she may occupy them by a tenant, or even make a conveyance of her homestead right in the premises.

3. SAME—*when assignment of the homestead is unnecessary.* Where a wife becomes entitled to the homestead right upon obtaining a divorce no assignment of the homestead is necessary where the value of the premises does not exceed $1000, as in such case the boundaries of the premises are the boundaries of the homestead, and no change in the value of the property thereafter will affect the exemption of the property from sale to pay debts.

4. SAME—*property in which homestead right exists is exempt from levy and sale—partition.* The statute exempts not only the homestead estate, but all the right, title and interest in the lot of land in which the homestead estate exists, and where the value of the premises does not exceed $1000 a creditor can take nothing by levy and forced sale; and the holder of a sheriff's deed to a portion of such premises is not entitled to partition.

APPEAL from the Circuit Court of Madison county; the Hon. L. D. YAGER, Judge, presiding.

HILES, NEWELL & BROWN, for appellant.

M. R. SULLIVAN, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellant, E. L. Maher, filed his bill in the circuit court of Madison county against Anna Goff and two others, her tenants, for the partition of lots 12 and 13 in block 12 in West Madison addition to Venice, of which he claimed to own an undivided half interest by virtue of a sheriff's deed. The tenants were defaulted. Anna Goff answered denying the complainant's title, and filed a cross-bill claiming title to the whole property and praying that the sheriff's deed be canceled as a cloud on her title. The cause was referred to the master, who made a report finding the equities of the case with the complainant. The chancellor sustained exceptions to this report and entered a decree dismissing the original bill for want of equity, and the complainant has appealed.

Anna Goff and John Goff were married about 1896 and a few years later bought the lots in controversy for $250. They were conveyed to John Goff and a dwelling house was constructed on them at an expense of about $800, in which they resided with their three children. In 1908 Goff, who was a molder, wanted to go into the saloon business, and to get money for that purpose they mortgaged their homestead for $500. In December, 1908, Goff made a warranty deed of the premises to his wife, Anna, and soon after deserted her and their children. She continued to live in the house for a few months, but being unable to make a living there, she rented the house and moved with her children to another house a few blocks away, in Madison, where she kept boarders to maintain herself and family. She paid the

mortgage and later brought suit for divorce against her husband on the ground of his desertion. A decree of divorce was rendered on May 22, 1914. The court found that the property was paid for partly by the earnings of each of the parties and was then worth $1000; that the husband had been occupying a part of the homestead since August, 1911, and was still doing so, and decreed that the homestead estate of the husband should cease, decreed the homestead rights and interests in the property to the wife and the custody of the children, and "further ordered, adjudged and decreed to the complainant, Anna Goff, an undivided one-half interest in fee simple in the following described property, to-wit, lots 12 and 13 in block 12 in West Madison addition to Venice, Illinois, the remaining one-half to remain in defendant, John Goff." The appellant was Goff's attorney in the divorce case, and having brought suit in attachment against him recovered a judgment for $75, upon which he caused an execution to be issued, under which the undivided half of the premises in question was sold and the sheriff's deed was made to the complainant.

When Goff deserted his wife she succeeded to the homestead estate as the head of the family, as provided by section 2 of the Exemption act. (*Lynn* v. *Sentel,* 183 Ill. 382.) Section 5 of the Exemption act authorized the court to dispose of the homestead estate according to the equities of the case. Where a wife obtains a divorce and the custody of the children she becomes the head of a family and the homestead right passes to her. (*Bonnell* v. *Smith,* 53 Ill. 375.) It is not essential to continuance of the estate of homestead that she should have continued to reside upon the premises. She might occupy them by a tenant or convey them by a deed, and the estate did not differ from an ordinary estate for life. (*White* v. *Plummer,* 96 Ill. 394; *Smith* v. *Rittenhouse,* 260 id. 599; *Dinquel* v. *Dacco,* 273 id. 117; *Gibbs* v. *Gerdes,* 291 id. 490.) Since the value of the prop-

erty at the time of the divorce did not exceed $1000, no assignment of the homestead was necessary. The purpose of assignment is only to fix the boundaries, and where the premises occupied are worth less than $1000 their boundaries determine the boundaries of the homestead. (*Garwood* v. *Garwood,* 244 Ill. 580.) In such case the rights of the person entitled to the estate of homestead are fixed. He may convey the premises, and no change in value will affect the exemption of the lot of land from sale for the payment of debts. *Garwood* v. *Garwood, supra; Atherton* v. *Hughes,* 249 Ill. 317.

The appellant's title is based on his claim that Goff was the owner of the undivided one-half of the premises and the sale of that half under a judgment against him. If Goff had the title to the undivided half or to the whole of the property it was not subject to sale for the payment of his debts during the existence of the homestead estate. The statute exempts not only the homestead estate, but all right, title and interest in the lot of land in which the homestead estate exists. (*Hartman* v. *Schultz,* 101 Ill. 437.) It is not the mere homestead right of occupancy which is exempt from levy and forced sale, but it is the lot of ground occupied as a residence. (*Hartwell* v. *McDonald,* 69 Ill. 293.) A creditor can take nothing so long as the homestead exists, unless the premises subject to an execution or a decree are worth more than $1000. *Sheahan* v. *Madigan,* 275 Ill. 372.

The attachment suit and judgment created no lien on the undivided half of the lots, and the complainant therefore derived no title through the deed based upon that judgment, and the court properly held that he could not maintain a suit for partition.

The decree will be affirmed.            *Decree affirmed.*