CARMELO CARRILLO RODRÍGUEZ, Plaintiff and Appellant, *v.* JUSTINA SANTIAGO MARTÍNEZ, Defendant and Appellee.

No. 7253. Argued May 5, 1937.—Decided May 21, 1937.

*R. Hernández Matos* for appellant.   *M. Bahamonde* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

Carmelo Carrillo Rodríguez brought an action of divorce against his wife Justina Santiago. The defendant's default having been noted and the trial held, the court, after hearing the evidence, on June 7, 1935, decreed the dissolution of the marriage ties and directed that four minor children had during the marriage remain under the custody and *patria potestas* of their father, the plaintiff. The youngest of said children is five years old.

On July 11, 1935, the plaintiff requested by a motion that the house and lot occupied by the plaintiff and his sons as a homestead be awarded in his favor. The plaintiff in the

divorce action alleged that he had acquired said house and lot with the proceeds of his work and that ever since such acquisition he has been in actual possession of said house living therein together with his four sons, whom he attends, supports, and educates, and who have always lived with him. He adds that his former wife lived in said house until the day she abandoned it causing the divorce suit.

The lower court decided that the house and lot, the value of which did not exceed $500, constituted the homestead of the plaintiff and head of family, Carmelo Carrillo Rodríguez, and it awarded the property to him. The defendant requested a reconsideration of the decision of the court *a quo,* on the ground that her ownership rights as to the undivided half of the said immovable belonging to the conjugal partnership were not protected.

The lower court, reconsidering its prior decision, held as follows:

"That the house and lot hereinafter described constitute the homestead of the plaintiff and head of family, Carmelo Carrillo Rodríguez, who has under his custody and *patria potestas* the four minor children had during his marriage with the defendant, Justina Santiago Martínez, named Irma, Félix Juan, Carmelo, and Elva; and it is further held and decreed that the provision as to the homestead made in favor of the plaintiff will be in effect until the said minor children become of age; and it is expressly declared that the present decision will not prejudice the ownership rights which the defendant and the plaintiff may have in said estate as conjugal property, which rights may be enforced when all the four sons had during the marriage have reached their majority."

Feeling aggrieved by that decision, the plaintiff took the present appeal, claiming that said court erred in holding and decreeing that the provision as to homestead in favor of the plaintiff was effective only until the minor children arrived at majority, at which time the defendant could then enforce her ownership rights in said property.

██ This court has heretofore held that the homestead provisions do not create a new dominion or equitable title in the land. Nor do such provisions strengthen or enlarge the title already existing. It is the use of the property and not the title which changes. *Manescau* v. *Usera,* 46 P.R.R. 132; *Federal Land Bank* v. *Municipal Court,* 47 P.R.R. 895.

The property considered as a homestead, acquired during the marriage, is governed by the rules established for the conjugal partnership. On said property the divorced wife has a joint ownership as to the undivided half which must be protected, without prejudice to the homestead right which assists the head of the family, who obtained the divorce and the custody of the children.

The Supreme Court of Illinois, in the case of *Maher* v. *Goff,* 147 N. E. 427, held as follows:

"When Goff deserted his wife, she succeeded to the homestead estate as the head of the family, as provided by section 2 of the Exemption Act. (Citations.) Section 5 of the Exemption Act authorized the court to dispose of the homestead estate according to the equities of the case. Where a wife obtains a divorce and the custody of the children, she becomes the head of a family and the homestead right passes to her. *Bonnell* v. *Smith,* 53 Ill. 375."

In Puerto Rico, as in Illinois, in accordance with the Act approved on March 12, 1903, "in case of a divorce, the court granting the same, may, in the decree, dispose of the homestead estate according to the equities of the case." That is what the district court did: to apply the principles of equity to insure to the wife the undivided half of the house occupied as a homestead, and to protect the children of the plaintiff until they reached majority.

In our judgment the plaintiff, as the head of a family with four minor children whom he educates and supports, is entitled to the homestead while the estate remains such, with-

out prejudice to the wife's right to claim the undivided half of the property when the latter shall have ceased to be the homestead of the head of the family with his children.

We hold that the order appealed from must be modified and the homestead awarded to Carmelo Carrillo, the father of said minors, without prejudice to the right of the divorced wife to claim half of said property when the children shall become of age, or when due to any other cause authorized by law, the said property shall cease to be the homestead of the plaintiff and his children; and as so modified, the order is affirmed.