CARMELO CARRILLO RODRÍGUEZ, demandante y apelante, *v.* JUSTINA SANTIAGO MARTÍNEZ, demandada y apelada.

Núm. 7253.—*Sometido:* Mayo 5, 1937. *Resuelto:* Mayo 21, 1937.

*R. Hernández Matos,* abogado del apelante; *M. Bahamonde,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA emitió la opinión del tribunal.

Carmelo Carrillo Rodríguez inició demanda de divorcio contra su esposa Justina Santiago. Decretada la rebeldía de la demandada y celebrado el juicio, la corte, después de practicada la prueba, decretó en 7 de junio de 1935, la disolución del vínculo matrimonial, ordenando que cuatro hijos menores de edad habidos en el matrimonio quedaran bajo la custodia y patria potestad de su padre el demandante. El menor de dichos hijos tiene cinco años de edad.

En 11 de julio de 1935, el demandante solicitó mediante moción que se adjudicasen a su favor la casa y solar ocupados por el demandante y sus hijos en concepto de hogar seguro. Alegó el demandante en el pleito de divorcio que adquirió dicha casa y solar con el esfuerzo de su trabajo y que desde su adquisición ha estado habitando materialmente y viviendo la referida casa en unión de sus cuatro hijos, a

quienes atiende, alimenta y educa, y quienes han vivido siempre en su compañía. Añade que su antigua esposa vivió en dicha casa hasta el día en que la abandonó dando motivo al pleito de divorcio.

. La corte inferior declaró que la casa con su solar, cuyo valor no excede de $500, constituye el hogar seguro del demandante y cabeza de familia Carmelo Carrillo Rodríguez, a quien adjudicó la propiedad. La demandada solicitó la reconsideración de este pronunciamiento del tribunal a quo, por entender que no se ponían a salvo sus derechos dominicales sobre la mitad proindivisa del inmueble referido perteneciente a la sociedad de gananciales.

El tribunal inferior, reconsiderando su resolución, decretó lo siguiente:

"Que el solar y casa que se describirán más adelante constituyen el hogar seguro del demandante y cabeza de familia Carmelo Carrillo Rodríguez, quien tiene bajo su patria potestad y custodia a los cuatro hijos menores de edad habidos en su matrimonio con la demandada Justina Santiago Martínez, nombrados Irma, Félix Juan, Carmelo y Elva; resolviéndose y decretándose además que la disposición del hogar seguro hecha a favor del demandante estará en vigor hasta que todos los referidos menores hijos hayan arribado a su mayor edad; disponiéndose especialmente que la presente resolución no perjudicará los derechos de dominio que puedan tener la demandada y el demandante sobre la referida propiedad por título de bienes gananciales, los cuales derechos podrán hacerse efectivos cuando todos los cuatro hijos habidos en el matrimonio hayan arribado a su mayor edad."

No conforme el demandante con este último pronunciamiento de la corte inferior, promovió el presente recurso de apelación alegando que el referido tribunal erró al resolver y decretar que la disposición del hogar seguro a favor del demandante se limitaba hasta que los menores hijos hubiesen arribado a su mayoría de edad, en cuya fecha podría la demandada hacer efectivos sus derechos dominicales sobre dicha propiedad.

Esta corte ha declarado que las disposiciones sobre

hogar seguro no crean un nuevo título de dominio o equitativo en el terreno. Tampoco fortalecen ni ensanchan el título ya existente. Es el uso de la propiedad y no el título lo que cambia. *Manescau* v. *Usera*, 46 D.P.R. 136, 143; *Federal Land Bank* v. *Corte Municipal*, 47 D.P.R. 942.

La propiedad considerada como hogar seguro, adquirida durante el matrimonio, se rige por las reglas establecidas para la sociedad de gananciales. En esa propiedad tiene la esposa divorciada un condominio sobre la mitad proindivisa que debe ser protegido, sin menoscabo de los derechos de hogar seguro que amparan al jefe de familia, que obtuvo el divorcio y la custodia de los niños.

La Corte Suprema de Illinois, en el caso de *Maher* v. *Goff*, 147 N. E. 427, dice así:

"Cuando Goff abandonó a su esposa, ella le sucedió en los derechos al *homestead* como jefe de la familia, según se dispone por el artículo 2° de la ley de exención. (Citas.) El artículo 5° de dicha ley autoriza a la corte a disponer del hogar seguro de acuerdo con las equidades del caso. Cuando una esposa obtiene el divorcio y la custodia de los niños, se convierte en jefe de la familia y el derecho de hogar seguro pasa a ella. *Bonnell* v. *Smith*, 53 Ill. 375."

En Puerto Rico, como en Illinois, de acuerdo con la ley aprobada en 12 de marzo de 1903, "en caso de divorcio el tribunal que lo conceda podrá disponer del hogar seguro según la equidad del caso." Es lo que ha hecho la corte de distrito: ajustarse a los principios de equidad para asegurar a la esposa la mitad proindivisa de la casa poseída como hogar seguro y proteger a los hijos del demandante hasta que lleguen a la mayoría de edad.

A nuestro juicio el demandante, como jefe de familia con cuatro hijos menores de edad a quienes educa y mantiene, tiene derecho al hogar seguro mientras conserve sus características, sin perjuicio de que cuando las pierda, cuando esa propiedad deje de constituir el hogar seguro del jefe de familia con sus hijos, la esposa pueda reclamar la mitad proindivisa de la propiedad.

Entendemos que *debe modificarse la resolución apelada* adjudicando el hogar seguro a Carmelo Carrillo, padre de los referidos menores, sin perjuicio de que la esposa divorciada pueda reclamar la mitad de dicha propiedad cuando los hijos hayan llegado a la mayoridad o cuando por cualquier otra causa autorizada por la ley, la referida propiedad deje de constituir el hogar seguro del demandante y sus hijos, *y así modificada confirmarse.*