RAMÓN IRIZARRY QUILES, Plaintiff and Appellant, *v.* JOSEFA GARCÍA SANABRIA, Defendant and Appellee.

No. 8257. Argued March 13, 1941.—Decided March 18, 1941.

*Francisco González Fagundo,* for appellant. *Ramón Meléndez Lima,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

The District Court of Humacao rendered a judgment of divorce in favor of the defendant—herein cross-complainant —Josefa García Sanabria, and also awarded her the custody and *patria potestas* of the five children had during the matrimony, all minors. When said judgment was final, the defendant filed a motion alleging that she lived with her children in a house belonging to the conjugal partnership and that as no decision was made in the judgment as to the homestead,

the equity of the case requires that the existence of said right be adjudged and awarded to her.

The plaintiff opposed said motion on the ground that "according to Act No. 87 of 1936 ((1) page 460) the existence of said right cannot be adjudged within a divorce suit and also because a homestead cannot be constituted in the manner that the defendant pretends".

A hearing was held and evidence presented by both parties and the lower court granted the motion and adjudicated the homestead to the defendant "without prejudice that the divorced husband may claim half of said property when the children become of age, or when for any other reason authorized by law, said property ceases to constitute the homestead of the defendant cross-complainant and her children."

The plaintiff filed this appeal and alleges that the lower court committed error, first, in holding that the property described in the motion constitutes the homestead of the defendant, and, second, in holding that a homestead exists in a suit which has been terminated by a final judgment, thereby violating Act No. 87, approved in 1936.

 The trial judge in his decision, insofar as is pertinent, stated as follows:

"A hearing of these motions was held on the 24th of May of this year, both parties appearing together with their attorneys. Documentary and oral testimony was presented. The documentary evidence, offered by the plaintiff cross-defendant, consisted of an order issued by the Federal Court, in case No. 15,043, in a composition proceeding, wherein it is ordered that the two properties therein described under the letters (a) and (b), respectively—the latter being the house on which a homestead is claimed—be recorded in the proper registry of property as belonging to the conjugal partnership which existed between the parties to this suit for divorce, and it is also ordered that the previous entries by which the title was recorded in favor of the minors, Matilde and Juanita Irizarri García, respectively, legitimate daughters of the parties to this suit, be canceled. The custody and patria potestas over these two children, as well as over the other three minor children, born out of this marriage, was granted by this court to the petitioner herein.

"As to the parol evidence, the petitioner testified that she has been living for the last two years and a half in said house, which testimony was corroborated by the plaintiff cross-defendant himself when he stated that he lived together with the petitioner in the house object of this petition until 1938 when he abandoned the aforesaid residence."

" . . . . . . . .

"As to the first point, the petitioner relies on Section 3 of the Homestead Act in force, No. 87, approved by the Legislature on May 14, 1936, which says as follows:

" 'Section 3.—The exemption established in the preceding section shall continue to subsist after the death of the head of the family, for the benefit of the surviving spouse so long as the latter shall continue to occupy said homestead, and after the death of both spouses, for the benefit of their children until the youngest child shall have reached its majority. In case the husband or wife shall desert his or her family, the exemption shall continue in favor of the spouse occupying the premises as a residence; *and in case of a divorce, the court granting the same may dispose of the homestead according to the equity of the case.*'

"It is well to state that the Act upon the subject, approved in 1903, and which was expressly repealed by Act No: 87, *supra,* also authorized expressly judges in divorce suits to adjudge the homestead according to the justice of the case. (Section 1001, Comp. St. 1911.)

"The right of the petitioner, is therefore, completely clear, since she obtained judgment in her favor in the divorce case, and as a consequence thereof, she was entrusted with the custody and *patria potestas* of her five minor children had in the marriage with the plaintiff cross-defendant.

"In the case of *Carrillo* v. *Santiago,* 51 P.R.R. 528, our Supreme Court, commenting on the legal provision aforesaid, copies from the judgment rendered by the Supreme Court of Illinois in the case of *Maher* v. *Goff,* 147 N. E. 427, the following paragraph:

" 'When Goff deserted his wife, she succeeded to the homestead estate as the head of the family, as provided by section 2 of the Exemption Act. (Citations.) Section 5 of the Exemption Act authorized the court to dispose of the homestead estate according to the equities of the case. Where a wife obtains a divorce and the custody of the children, she becomes the head of a family and the homestead right passes to her. *Bonnell* v. *Smith,* 53 Ill. 375' and then expresses itself in the following terms:

" 'In Puerto Rico, as in Illinois, in accordance with the Act approved on March 12, 1903, "in case of a divorce, the court granting the same, may, in the decree, dispose of the homestead estate according to the equities of the case." That is what the district court did: to apply the principles of equity to insure to the wife the undivided half of the house occupied as a homestead, and to protect the children of the plaintiff until they reached majority.'

"As to the order issued by the Federal Court in the case aforesaid, No. 15,043, adjudging that the property subject to this proceeding, belongs to the conjugal partnership which existed during the marriage of the parties to this suit, presented in evidence by the plaintiff, cross-defendant, the same cannot affect in any manner the right claimed by the defendant cross-plaintiff, since said order as well as the one that may be issued in this case declaring that said property is subject to an estate of homestead in favor of the petitioner, do not create a new dominion or equitable title in the same, nor do they strengthen or broaden the title already in existence, and they change only the use of the property and not the title. (*Carrillo* v. *Santiago*, 51 P.R.R. 528.)

"Besides, even in bankruptcy proceedings, the Federal Court acknowledges and gives force to the exemption established by the local law of the bankrupt as far as the exemption established by the Homestead Act is concerned. (8 C.J.S., Sec. 498.) (3 R.C.L. Sec. 54, page 219 and Sec. 87, page 258)."

We have read the transcript of the evidence of this case and we are of the opinion that the evidence presented to the lower court fully justifies the conclusions at which it arrived in its order and we have little to add to the same.

The court aforesaid did not commit the first error charged because, as the evidence showed, the defendant has lived with her children, in the house, for over two and a half years, and the plaintiff also lived there until 1938. The fact that the property was not recorded in the name of the conjugal partnership until a later date, does not destroy the right of homestead which already existed in favor of the plaintiff, because the first Section of Act No. 87 of May 13, 1936, provides as follows:

"Section 1.—Every person who is the head of a family shall be entitled to possess and enjoy as a homestead a property of not over

five hundred (500) dollars in value, consisting of a parcel of land and the buildings thereon, in any farm, plantation or parcel of land *owned, or lawfully possessed, and occupied by him or by his family as a residence.* This right of homestead is unrenounceable and any pact to the contrary is declared null.'

The plaintiff, together with the defendant and their children, had their homestead established on the property which he "lawfully possessed" although the title was recorded in the name of two of the children and said property was occupied by him and his family as their residence, until he abandoned it, the defendant then continuing to live there up to the present.

The lower court did not commit the second error either, because this Court, in the case of *Carrillo* v. *Santiago,* 51 P.R.R. 528, *supra,* which was one where the judgment of divorce was also final when the declaration of a homestead was requested in favor of the husband, the innocent spouse, without prejudice to the rights of the wife, has already held that the discretion of the court was well exercised in accordance with the equity of the case. It is not necessary, as the plaintiff maintains, to wait until the moment arises of a foreclosure or forced sale of the property, before the defendant can claim that her right be acknowledged. The order appealed from must be affirmed.