RAMÓN IRIZARRY QUILES, demandante y apelante, *v.* JOSEFA GARCÍA SANABRIA, demandada y apelada.

Núm. 8257.—*Sometido:* Marzo 13, 1941. *Resuelto:* Marzo 18, 1941.

*Francisco González Fagundo,* abogado del apelante; *Ramón Meléndez Lima,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La Corte de Distrito de Humacao dictó sentencia de divorcio a favor de la demandada contrademandante en este caso, Josefa García Sanabria, concediéndole además la custodia y patria potestad sobre los cinco hijos habidos en el matrimonio, todos menores de edad. Firme ya dicha sentencia, la demandada radicó una moción alegando que vivía con sus hijos en una casa perteneciente a la sociedad de gananciales y que, no habiéndose hecho pronunciamiento en la sentencia sobre el derecho de hogar seguro la equidad del caso requiere le sea concedido y reconocido a ella dicho derecho.

El demandante se opuso a dicha moción por el fundamento de que "de acuerdo con la Ley núm. 87 de 1936 ((1) pág. 461), no procede que dentro de un pleito de divorcio se declare tal derecho y además porque el derecho de hogar seguro no se puede constituir en la forma que pretende la parte demandada."

Celebrada una vista y presentada la prueba correspondiente por ambas partes, la corte inferior dictó resolución declarando con lugar la moción de la demandada adjudicándole el hogar seguro "sin perjuicio de que el marido divorciado pueda reclamar la mitad de dicha propiedad cuando los hijos hayan llegado a la mayoría o cuando por cualquier otra causa autorizada por la ley, la referida propiedad deje de constituir el hogar seguro de la demandada contrademandante y sus hijos."

282

No conforme el demandante entabló el presente recurso y alega que la corte inferior cometió error, primero, al declarar que la finca que se describe en la moción, constituye el hogar seguro de la demandada y, segundo, al declarar el hogar seguro dentro de un pleito ya terminado por sentencia firme, infringiendo así la Ley núm. 87 aprobada en 1936.

 El juez inferior, Sr. Janer, en su resolución se expresó, en lo pertinente, así:

"Celebrada la vista de estas mociones el 24 de mayo del año en curso, con asistencia de las partes y sus respectivos abogados, se produjo prueba documental y testifical, consistente la primera, presentada por el demandante contrademandado, de una resolución expedida por la Corte Federal en el caso núm. 15043 de dicha corte, en procedimiento de arreglo con deudores, en la que se ordena que las dos propiedades que en la misma se describen con las letras A. y B., respectivamente, siendo esta última la casa sobre la cual se reclama la declaración del goce del privilegio de hogar seguro, se inscriban en el Registro de la Propiedad correspondiente como pertenecientes a la sociedad de gananciales habida entre los litigantes en este pleito de divorcio, y se cancelen las inscripciones anteriores de dominio existentes a favor de las menores Matilde y Juanita Irizarri García, respectivamente, hijas legítimas de las partes en este pleito, cuya custodia y patria potestad conjuntamente con la de los otros tres hijos menores habidos en dicho matrimonio, se concedió por esta corte a la aquí promovente.

"En cuanto a la prueba testifical, la promovente declaró que hace más de dos años y medio que vive en dicha casa, declaración que fué corroborada por el propio demandante contrademandado al declarar que vivió conjuntamente con la promovente la casa objeto de esta petición hasta el año 1938 en que abandonó dicha residencia."

" . . . . . . . .

"En cuanto al primer extremo la promovente descansa en la sección tercera de la vigente Ley de Hogar Seguro que es la núm. 87, aprobada por nuestra legislatura en mayo 13, 1936, siendo el tenor de dicha sección el siguiente:

" 'Sección 3.—La exención establecida en la sección anterior continuará subsistente después de la muerte del jefe de familia a beneficio del cónyuge supérstite mientras éste cont'núe ocupando dicho hogar seguro y después de la muerte de ambos cónyuges a beneficio de sus hijos hasta que el menor de éstos haya llegado a la mayoridad.

En caso de que el marido o la mujer abandonase su familia la exención continuará a favor del cónyuge que ocupe la finca como residencia; *y en caso de divorcio el tribunal que lo conceda deberá disponer del hogar seguro según la equidad del caso.'*

"Conviene advertir que la ley sobre la materia aprobada en 1903, y que quedó expresamente revocada por la Ley núm. 87, ut supra, también autorizaba expresamente a los jueces en los casos de divorcio, a disponer del hogar seguro según la equidad del caso. (*Sec. 1001, Compilación de los Estatutos Revisados y Códigos de Puerto Rico, ed. 1911.*)

"El derecho pues de la promovente es completamente claro, toda vez que ella obtuvo a su favor la sentencia de divorcio recaída y, como consecuencia de ella, le fué confiada la custodia y patria potestad de sus cinco hijos menores habidos en el matrimonio con el demandante contrademandado.

"En el caso *Carrillo* v. *Santiago,* 51 D.P.R. 545, nuestro Tribunal Supremo, comentando el precepto legal antes aludido, copia de la decisión rendida por la Corte Suprema de Illinois, en el caso de *Maher* v. *Goff,* 147 N. E. 427, el siguiente párrafo:

" 'Cuando Goff abandonó a su esposa ella le sucedió en los derechos al *homestead* como jefe de la familia, según se dispone por el artículo 2º. de la ley de exención. (Citas) El artículo 5º. de dicha ley autoriza a la corte a disponer del hogar seguro de acuerdo con las equidades del caso. Cuando una esposa obtiene el divorcio y la custodia de los niños, se convierte en jefe de la familia y el derecho de hogar seguro pasa a ella. *Bonnell* v. *Smith,* 53 Ill. 375' y a continuación se expresa en los siguientes términos:

" 'En Puerto Rico, como en Illinois, de acuerdo con la ley aprobada en 12 de marzo de 1903, en caso de divorcio el tribunal que lo concede podrá disponer del hogar seguro según la equidad del caso. Es lo que ha hecho la corte de distrito: ajustarse a los principios de equidad para asegurar a la esposa la mitad proindivisa de la casa poseída como hogar seguro y proteger a los hijos del demandante hasta que lleguen a la mayoría de edad.'

"En cuanto a la orden dictada por la Corte Federal en el caso ut supra núm. 15043, declarando que la finca a que este procedimiento se contrae es una perteneciente a la sociedad conyugal habida durante el matrimonio de los litigantes en este pleito, presentada en evidencia por el demandante contrademandado, la misma no puede afectar en forma alguna el derecho que solicita la demandada contrademandante, ya que tanto dicha orden como la resolución que se dicte en este caso declarando dicha propiedad afecta el goce del privilegio de

hogar seguro a favor de la promovente, no crean un nuevo título de dominio, o equitativo en el mismo, ni tampoco fortalecen ni ensanchan el título ya existente, cambiando tan sólo el uso de la propiedad y nunca el título. (*Carrillo* v. *Santiago*, 51 D.P.R. 547.)

"Además, aún en los procedimientos de quiebra las cortes federales reconocen y dan efecto a la exención establecida por la ley local del quebrado, en lo que a la exención establecida por hogar seguro se refieren. (8 C. J. S. Sec. 498.) (3 R. C. L. Sec. 54, pág. 219 y Sec. 87, pág. 258)."

Hemos leído la transcripción de la evidencia en este caso y somos de opinión que la prueba aportada ante la corte inferior justifica plenamente las conclusiones a que llegó en su resolución y que poco tenemos que agregar a la misma.

No cometió dicha corte el primer error imputado, porque según demostró la prueba la demandada ha vivido con sus hijos en la casa desde hace más de dos años y medio, y en ella vivió también el demandante hasta el año 1938. El hecho de que la propiedad no se inscribiera a nombre de la sociedad de gananciales hasta una fecha posterior no destruye el derecho de hogar seguro que ya existía a favor del demandante ya que la sección primera de la Ley núm. 87 aprobada el 13 de mayo de 1936 dispone lo siguiente:

"Sección 1.—Toda persona que sea jefe ·de familia tendrá derecho a poseer y disfrutar, en concepto de hogar seguro (homestead), una finca cuyo valor no exceda de quinientos (500) dólares consistente en un predio de terreno y los edificios enclavados en el mismo, de cualquier estancia, plantación o predio de terreno, *que le pertenezca o posea legalmente, y estuviere ocupada por ella o por su familia como su residencia.* Este derecho de homestead es irrenunciable; y cualquier pacto en contrario se declara nulo."

El demandante, con la demandada y sus hijos, tenían constituído su hogar seguro sobre la propiedad que "poseía legalmente" aun cuando el título estuviera inscrito a nombre de dos de sus hijos, y dicha propiedad estaba ocupada por él y su familia como su residencia, hasta que él la abandonó, continuando entonces la demandada residiendo allí hasta el presente.

■ Tampoco cometió la corte inferior el segundo error, porque ya esta Corte en el caso de *Carrillo* v. *Santiago,* 51 D.P.R. 545, supra, que fué uno en que la sentencia de divorcio también era firme, cuando se solicitó la declaración del hogar seguro a favor del esposo, cónyuge inocente, sin perjuicio de los derechos de la esposa, resolvió que estuvo bien ejercitada la discreción judicial de acuerdo con la equidad del caso. No es necesario esperar, como pretende el demandante, a que llegue el momento de una venta forzosa de la finca para que entonces pueda la demandada reclamar que se le reconozca su derecho.

*Debe confirmarse la resolución apelada.*