ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| LESLIE ANN MATOS PLAZA<br><br>Parte Apelante<br><br><br>v.<br><br><br>ROBIN VÉLEZ LÓPEZ<br><br>Parte Apelada | KLAN202400999 | *Apelación,* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.:<br>MZ2022RF00217<br><br><br>Sobre:<br><br>Divorcio-Ruptura Irreparable |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de diciembre de 2024.

Comparece el señor Robin Vélez López (en adelante, el señor Vélez o el peticionario) quien solicita que revoquemos la *Resolución Interlocutoria* emitida el 23 de octubre de 2024 y notificada el día 24 del mismo mes y año. Mediante la misma, el Tribunal de Primera Instancia, Sala Superior de Mayagüez (en adelante, TPI) resolvió como sigue: (1) concedió el derecho a hogar seguro sobre la vivienda que constituyó el hogar principal del matrimonio para beneficio de los menores procreados por las partes, (2) declaró no ha lugar la solicitud de imposición de pago de renta sobre la señora Leslie Ann Matos Plaza (en adelante, la señora Matos o la recurrida); y (3) determinó que el señor Vélez debe aportar un porciento en la pensión alimentaria para el pago de la hipoteca que grava la referida vivienda ganancial.

Por impugnar una resolución interlocutoria, acogemos el recurso como *certiorari* sin cambiar su clave alfanumérica por razones de economía administrativa, y por

los fundamentos que expondremos a continuación, se expide el auto de *certiorari* y se confirma la *Resolución* recurrida.

-I-

Surge del expediente que el señor López presentó una *Demanda* sobre liquidación de bienes gananciales.[1] Allí informó que contrajo matrimonio con la señora Matos bajo el régimen económico de la sociedad legal de gananciales y que el mismo fue disuelto por decreto judicial de divorcio. Además, sostuvo que sobre la residencia ganancial recae el derecho de hogar seguro en beneficio de los menores procreados durante el matrimonio, lo cual no incluye a la señora Matos. Por tanto, solicitó que se ordenara una tasación de la residencia ganancial con el fin de valorar la renta que le corresponde pagar a la señora Matos por residir en el bien inmueble conforme al Artículo 445 del Código Civil de Puerto Rico de 2020 (en adelante, Código Civil).[2]

Posteriormente, la señora Matos presentó *Solicitud de Custodia y Concesión de Derecho a Permanecer en la Vivienda Familiar* mediante la cual reiteró su divorcio con el señor Vélez.[3] Explicó, a su vez, que a la fecha de celebrar el mismo, ambas partes residían en la vivienda que constituyó el hogar principal del matrimonio y, por ello, no habían fijado pensión alimentaria. Además, señaló que la referida vivienda fue el único bien inmueble adquirido por la sociedad legal de gananciales, la cual tiene un graven hipotecario. En síntesis, tras los planteamientos anteriores, la señora Matos sostuvo: (1) que el señor Vélez dejó de residir en la vivienda ganancial, (2) que

---

[1] Apéndice del peticionario, anexo V, págs. 14-15.
[2] 31 LPRA sec. 6792.
[3] Apéndice del peticionario, anexo III, págs. 5-9.

actualmente reside en la vivienda ganancial junto a los menores y se encarga de pagar la hipoteca del bien inmueble, y (3) que tiene la tenencia física de los menores de forma única y exclusiva.

Ante esto, el señor Vélez presentó *Oposición a Solicitud de Concesión de Derecho a Permanecer en la Vivienda Familiar.*[4] Adujo que no cuestionaba el derecho de hogar seguro de los menores ni el derecho a permanecer en la vivienda ganancial de la señora Matos, sino que reclamaba el derecho que le asiste en virtud del Artículo 445 del Código Civil. Es decir, la imposición de una renta proporcional sobre la señora Matos por el uso y disfrute exclusivo de la vivienda ganancial. Además, arguyó que el deber de alimentar y proveer hogar seguro es solo para el beneficio de los menores, lo cual no incluye a la madre de estos, la señora Matos.

Así las cosas, el TPI dictó *Resolución Interlocutoria* mediante la cual resolvió:

> Respecto a la petición de la madre sobre la declaración de hogar seguro para beneficio de los menores, la ley y la jurisprudencia aplicable es clara y especifica, por lo que procede la declaración de hogar seguro para beneficio de estos, de la residencia ganancial donde residen al presente junto a su madre.
>
> No procede la imposición de pago de renta alguna a la Sra. Matos, ya que esta es quien recibe y administra la pensión para los menores y es quien paga la hipoteca de dicha residencia.
>
> Por el contrario, le corresponde al Sr. Vélez aportar un porciento en la pensión impuesta, al pago de la hipoteca, según dispone la ley de sustento de menores.[5]

Inconforme, el señor Vélez presentó un recurso de Apelación en el que alega que el TPI incurrió en el siguiente error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO AQUILATAR NI ATENDER EL RECLAMO JURÍDICO DE

---

[4] *Íd.,* anejo IV, págs. 10-13.
[5] *Íd.,* anejo I, págs. 2-3.

IMPOSICIÓN DE RENTAS AL CUAL TIENE DERECHO EL APELANTE CONFORME AL ARTÍCULO 445 DEL CÓDIGO CIVIL Y RESOLVER ESE RUEGO INTERLOCUTORIAMENTE EN UN CASO DISTINTO AL QUE FUE INCOADO.

Luego de revisar los escritos de ambas partes y los documentos que obran en autos, estamos en posición de resolver.

-II-

A.

Como cuestión de umbral, la Regla 52.1 de Procedimiento Civil establece el alcance de la revisión discrecional de las resoluciones u órdenes interlocutorias emitidas por el Tribunal de Primera Instancia en los siguientes términos:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia[…].[6]

Rebasado el umbral establecido en la Regla 52.1 de Procedimiento Civil, *supra*, corresponde a este tribunal intermedio determinar si procede revisar la determinación interlocutoria recurrida.

A esos efectos, el auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[7] Distinto al recurso de

---

[6] Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V.
[7] *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *García v. Padró*, 165 DPR 324, 334 (2005).

apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.[8] Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[9]

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A.  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F.  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[10]

Ahora bien, una vez este Foro decide expedir el auto de *certiorari*, asume jurisdicción sobre el asunto en

---

[8] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 847; *Medina Nazario v. McNeil Healthcare LLC*, *supra*, pág. 729; *García v. Padró*, *supra*, pág. 334.

[9] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 847; *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 711-712 (2019); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

[10] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 848; *Mun. Caguas v. JRO Construction, Inc.*, *supra*; 4 LPRA Ap. XXII-B, R. 40.

controversia y se coloca en posición de revisar los planteamientos en sus méritos.[11] Sobre el particular, el Tribunal Supremo de Puerto Rico, en adelante el TSPR, afirmó:

> Asumir jurisdicción sobre un asunto, expidiendo el auto de *certiorari*, ha sido definido como la autoridad en virtud de la cual los funcionarios judiciales conocen de las causas y las deciden. Constituye la facultad de oír y resolver una causa y de un tribunal a pronunciar sentencia o resolución conforme a la ley. Dicha jurisdicción incluye la facultad de compeler a la ejecución de lo decretado y puede decirse que es el derecho de adjudicar con respecto al asunto de que se trata en un caso dado.[12]

En fin, al asumir jurisdicción sobre el asunto que tiene ante su consideración mediante la expedición de un auto de *certiorari*, este Tribunal cumple su función principal de revisar las decisiones del foro de instancia para asegurarse que las mismas son justas y que encuentran apoyo en la normativa establecida.[13]

**B.**

Desde *Carrillo v. Santiago*, 51 DPR 545 (1937), el Tribunal Supremo de Puerto Rico ha reconocido el derecho que cobija al padre o la madre que ostente la custodia de los hijos menores de edad a reclamar la propiedad ganancial como hogar seguro hasta que los menores alcancen la mayoridad. Actualmente el Artículo 477 del Código Civil de Puerto Rico de 2020 reconoce de manera expresa el derecho a permanecer en la vivienda familiar y el hogar seguro, en los siguientes términos:

> Cualquiera de los excónyuges o cualquiera de los hijos que quedan bajo su patria potestad, puede solicitar el derecho a permanecer en la vivienda de la Sociedad de Gananciales que constituye el hogar principal del matrimonio y de la familia

---

[11] H. A. Sánchez Martínez, *Práctica Jurídica de Puerto Rico, Derecho Procesal Apelativo*, San Juan, Lexis-Nexis de Puerto Rico, Inc., 2001, pág. 547.
[12] *Negrón v. Srio. de Justicia*, 154 DPR 79, 92-93 (2001).
[13] *Íd.*, pág. 93.

antes de iniciarse el proceso de divorcio. Este derecho puede reclamarse desde que se necesita, en la petición de disolución del matrimonio, durante el proceso o luego de dictarse la sentencia.[14]

En otras palabras, dicha disposición estatutaria protege tanto al cónyuge que carece de medios propios para adquirir otra vivienda, como el bienestar óptimo de los hijos bajo custodia.[15] Además, tal protección puede ser solicitada en un pleito independiente al divorcio.[16] No obstante, si la solicitud se realiza luego de la disolución del divorcio, esta "debe ventilarse en el mismo expediente. Si hay objeción fundamentada del titular del inmueble o de alguna tercera persona con derecho real sobre el mismo, la solución del asunto se hará en una vista plenaria."[17] Por tanto, nuestro ordenamiento jurídico permite disponer de la solicitud de hogar seguro mediante sentencia sumaria.[18]

Ahora bien, el tribunal deberá considerar ciertas circunstancias al momento de conceder la protección de permanecer en la vivienda familiar, a saber:

(a)   los acuerdos de los cónyuges sobre el uso y el destino de la vivienda durante la vigencia del matrimonio y después de su disolución;

(b)   si el cónyuge solicitante mantiene la custodia de los hijos menores de edad;

(c)   si el cónyuge solicitante retiene la patria potestad prorrogada o la tutela de los hijos mayores incapacitados o con impedimentos físicos que requieren asistencia especial y constante en el entorno familiar;

(d)   si los hijos mayores de edad, pero menores de veinticinco (25) años, permanecen en el hogar familiar mientras estudian o se preparan para un oficio;

(e)   si la vivienda familiar es el único inmueble que puede cumplir razonablemente ese propósito dentro del patrimonio conyugal, sin que se afecte significativamente el

---

[14] 31 LPRA sec. 6851.
[15] M. Garay Aubán, *Código Civil 2020 y su Historial Legislativo*, 2da. Ed. Gd. SITUM, 2021, T. II, pág. 410.
[16] *Íd.*
[17] 31 LPRA sec. 6855.
[18] M. Garay Aubán, *op. cit.,* pág. 413.

bienestar óptimo de los beneficiados al momento de su concesión con más necesidad de protección;

(f)     si el cónyuge solicitante, aunque no tenga hijos o, de tenerlos, no vivan en su compañía, necesita de esa protección especial, por su edad y situación personal; y

(g)     cualquier otro factor que sea pertinente para justificar el reclamo.[19]

Una vez se concede el derecho a permanecer en la vivienda familiar, el bien inmueble se convierte en el hogar seguro del solicitante y de quienes convivan con él.[20] A tales efectos, el tribunal deberá identificar a todos los beneficiados en la sentencia y establecerá las condiciones y el plazo en que cada cual ha de disfrutarlo.[21] De manera que tal derecho no es absoluto; por el contrario, tiene dos restricciones, a saber: (1) las condiciones para el uso y disfrute del inmueble, y (2) el plazo de vigencia del derecho a hogar seguro.

Finalmente, la vivienda sobre la cual se constituye el hogar seguro tiene el efecto de retirar el inmueble del trafico jurídico, es decir, de los procesos de liquidación de bienes del matrimonio.[22] De modo, que la vivienda estará exenta del proceso de liquidación de bienes hasta tanto no se configure uno de los siguientes supuestos, a saber: (1) desaparezca la causa que justifica al concesión del derecho, (2) se cumpla el plazo dado para su uso y disfrute o (3) se solicite la terminación por los excónyuges, otros beneficiados o herederos.[23]

---

[19] 31 LPRA sec. 6852.
[20] 31 LPRA sec. 6853.
[21] *Íd.*
[22] 31 LPRA sec. 6856.
[23] *Íd.* M. Garay Aubán, *op. cit.,* pág. 414.

**-III-**

Por tratarse de una orden emitida en un caso de relaciones de familia, tenemos facultad para atender el recurso de epígrafe. Regla 52.1 de Procedimiento Civil, *supra*.

Para el peticionario, el TPI erró al denegar la imposición de renta al amparo del Artículo 445 del Código Civil y hacer tal determinación de manera interlocutoria en un caso distinto. En específico, adujo que el uso y disfrute exclusivo de la vivienda ganancial por la señora Matos representa un enriquecimiento ilícito, injusto y sin causa. Por tal razón, alegó que procede la imposición de un pago mensual de renta debido a que el deber de alimentar y proveer hogar seguro es solo para el beneficio de los menores, lo cual no incluye a la señora Matos.

Por su parte, la recurrida alegó que el derecho al disfrute de la propiedad no es un derecho absoluto y que este debe ceder ante una solicitud de derecho a hogar seguro. A su entender, la concesión del derecho a hogar seguro cambia el uso de la propiedad y no su título. Además, sostuvo que tiene derecho a retener el uso exclusivo sobre la vivienda ganancial con el propósito de proteger los derechos que amparan a los menores bajo su custodia.

No tiene razón el peticionario. La designación de hogar seguro tuvo el efecto de retirar el bien inmueble perteneciente a la comunidad post ganancial del tráfico jurídico. Por ende, su reclamación de naturaleza patrimonial – el pago de rente mensual- no tiene cabida alguna hasta que se configure una de las causas de extinción del derecho a hogar seguro.

Por otro lado, la jurisprudencia citada por el señor Vélez es distinguible del caso de autos. Veamos.

Para comenzar, *Rivera Lamberty v. Rodríguez Amador*, 265 DPR 195 (2020), es una sentencia, por lo cual es improcedente citarla como precedente ante este tribunal intermedio.[24]

Como si lo anterior fuera poco, ni *Rivera Lamberty v. Rodríguez Amador, supra,* ni *Díaz v. Aguayo,* 162 DPR 801 (2004), versan sobre un bien inmueble perteneciente a una comunidad post ganancial designado como hogar seguro.

Debemos añadir, que desde el punto de vista procesal la determinación recurrida es correcta en derecho. Ello obedece a que como la reclamación de hogar seguro se hizo después del divorcio, debía ventilarse en el pleito de epígrafe.

Finalmente, como ni el remedio ni la disposición de la determinación interlocutoria recurrida son contrarios a derecho, expedimos el auto y confirmamos la Resolución recurrida. Regla 40(A) del Reglamento del Tribunal de Apelaciones, supra.

**-IV-**

Por los fundamentos previamente expuestos, se expide el auto de *certiorari* y se confirma la *Resolución* recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[24] Regla 44 del Tribunal Supremo de Puerto Rico, 4 L.P.R.A Ap. XXI-B.