Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL (DJ 2025-135)

| JOSÉ DAVID RAMOS HERNÁNDEZ<br><br>Demandante Apelante<br><br>v.<br><br>VIVIANA DEL CARMEN MEZA OSORIO<br><br>Demandada Apelada | TA2025AP00339[1] | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Civil Núm.: CG2021RF00120<br>Sala: 502<br><br>Sobre:<br>Custodia Compartida |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Candelaria Rosa y el Juez Pagán Ocasio[2].

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 14 de noviembre de 2025.

Comparece el señor José David Ramos Hernández mediante recurso de apelación y solicita que revoquemos la *Resolución* del Tribunal de Primera Instancia, Sala Superior de Menores y Familia, emitida el 21 de julio de 2025. En dicho dictamen, se declaró con lugar a la solicitud de declaración de hogar seguro de la vivienda a favor del hijo de las partes. Por los fundamentos que expresaremos, confirmamos la *Resolución* recurrida.

En síntesis, el caso de epígrafe trata de una demanda por custodia de un menor. Según el expediente, el 2008 el apelante adquirió la propiedad ubicada en la Urbanización Santa Elvira, Calle Santa Isabel,

---

[1] El recurso de epígrafe fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, con efectividad del 10 de enero de 2022, sobre Normas para la Asignación de Recursos Previamente Presentados en el Tribunal de Apelaciones.
[2] Mediante la Orden Administrativa OATA-2025-178, emitida el 16 de septiembre de 2025, se designó al Hon. Ángel R. Pagán Ocasio en sustitución del Hon. Misael Ramos Torres, quien desde el 13 de marzo de 2022 dejó de ejercer funciones como Juez del Tribunal de Apelaciones.

J-16, Caguas. En enero de 2014, la señora Viviana del Carmen Meza Osorio comenzó a convivir con el señor Ramos Hernández antes de ésta divorciarse de quien fuera su cónyuge. Ocurrido esto, el 25 de agosto de 2014 nació el hijo de ambos, sin las partes alguna vez contraer nupcias. Las partes convivieron en la propiedad en controversia hasta octubre de 2020, fecha en que la apelada solicitó una orden de protección contra el apelante al amparo de la Ley Núm. 54 (8 LPRA sec. 601 *et seq.*), la cual nunca fue expedida de manera final.

Luego de las partes reconciliarse en febrero de 2021—sin volver a vivir bajo el mismo techo, según declaró la apelada—estas se separaron otra vez al mes siguiente. Presentada una nueva protección contra el apelante, por éste cambiar las cerraduras de la vivienda y no permitir que la señora Meza Osorio viera a su hijo, se expidió dicha orden con una vigencia de nueve (9) meses, hasta diciembre de 2021. A razón de ello, el señor Ramos Hernández dejó de vivir en la propiedad ubicada en la Urbanización Santa Elvira, reiterándose a vivir en la casa de sus padres en Caguas.

Entre tanto, el 23 de febrero de 2021, el apelante presentó una demanda por custodia. Luego de varios trámites procesales y de la apelada solicitar que se le concediera a ella y su hijo el derecho a hogar seguro sobre la propiedad en la Urbanización Santa Elvira, el Tribunal de Primera Instancia dispuso que no podía tomar determinaciones sobre el hogar seguro mientras la orden de protección expedida estuviera vigente. Posterior a otros trámites, el Tribunal recurrido estableció una custodia compartida entre las partes, la cual resultó en el menor vivir en la residencia de Santa Elvira, con su madre, y en la de sus abuelos paternos junto a su padre. Por la propiedad de los abuelos del menor

tener solamente tres (3) habitaciones y el señor Ramos Hernández declarar que duerme con su hijo en una sola cama, el apelante considera el lugar como incómoda para él y su hijo. Esto es a pesar del *Informe Social Complementario* del 24 de abril de 2023 indicar que padre e hijo tienen camas individuales en habitaciones separadas, y que el apelante nunca objetó dentro del término concedido por el Tribunal de Primera Instancia.

Posterior a varios trámites procesales, el 18 de diciembre de 2024, el señor Ramos Hernández presentó, por primera vez, una *Moción en oposición a solicitud de hogar seguro de la parte demanda*, más de tres (3) años después de la señora Meza Osorio solicitar hogar seguro en beneficio de su hijo. Eventualmente, el Tribunal recurrido celebró una vista para tocar el tema del derecho a hogar seguro, y en la cual, además del apelante enfatizar su situación residencial, ambas partes declararon sobre su derecho a esto. La apelada explicó que no tenía otra vivienda ni familiares que la asistan, al igual que carece de empleo seguro para cumplir con los requisitos necesarios para, alquilar otra propiedad. Asimismo, la señora Meza Osorio explicó que la vivienda en controversia es el único hogar que el menor ha conocido, pero una a la cual ella nunca ha pagado la renta, sino solamente las utilidades.

Evaluada la evidencia y los testimonios, el Tribunal recurrido concedió a la apelada su solicitud de permanecer en la vivienda familiar y decretó la residencia en Santa Elvira como el hogar seguro del menor hasta que advenga a la mayoría de edad o, si es estudiante que cualifique, hasta los veinte cinco (25) años. Ante la solicitud de reconsideración del apelante, tal Tribunal resolvió sin lugar.

Insatisfecho, el apelante recurre ante este Tribunal y alega que el Tribunal de Primera Instancia erró y abusó de su discreción al declarar ha lugar la solicitud de hogar seguro por ser contrario a derecho. En oposición, la apelada argumenta que (1) el derecho a hogar seguro subsiste en aquellos casos en que no existan bienes gananciales; (2) el hijo menor, representado por su madre, puede reclamar el derecho a hogar seguro y dicho derecho, una vez concedido, puede extenderse a su madre custodia; y (3) el análisis que conlleva el derecho a hogar seguro no trata del derecho propietario del titular del inmueble, sino del derecho del menor de habitar en tal propiedad.

Vale recordar que en nuestro ordenamiento jurídico se presume que los tribunales actúan con corrección, por lo que compete a la parte apelante la obligación de demostrar lo contrario. *Morán v. Martí*, 165 DPR 356 (2005) (*Per Curiam*). Dicho de otro modo, los foros apelativos debemos otorgar gran deferencia a las determinaciones de hechos, la apreciación de la prueba testifical y las adjudicaciones de credibilidad que hacen los foros primarios. *SLG Fernández-Bernal v. RAD-MAN*, 208 DPR 310 (2021). Ello responde a que es el foro primario quien ve, escucha y aprecia la conducta de los testigos y, por tanto, está en mejor posición para evaluar y aquilatar la prueba presentada en el juicio. *Pena Rivera v. Pacheco Caraballo*, 213 DPR 1009 (2024) (citando a *Ortiz Ortiz v. Medtronic*, 209 DPR 759 (2022); *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194 (2021)). Esto incluye cuando la evidencia directa de un testigo le merece entero crédito al Tribunal de Primera Instancia, lo cual, por efecto, se consideraría como prueba suficiente de cualquier hecho. *Sucn. Rosado v. Acevedo Marrero*, 196 DPR 884 (2016) (citando a *SLG Torres-Matundan v.*

*Centro Patología*, 193 DPR 920 (2015); *Meléndez Vega v El Vocero de PR*, 189 DPR 123 (2013)). Como consecuencia, los foros revisores no deben intervenir con las determinaciones de hechos de los jueces de instancia, salvo que medie error manifiesto, pasión, prejuicio o parcialidad. Íd. (citando a *Ortiz Ortiz v. Medtronic*, *supra*; *Santiago Ortiz v. Real Legacy et al.*, *supra*). Véase Regla 42.2 de Procedimiento Civil de 2009 (32 LPRA Ap. V).

Como parte de la política pública de fomentar la adquisición de una vivienda adecuada y segura entre sus ciudadanos, la garantía de un hogar seguro se fomentó inicialmente con el propósito concederle a todo ciudadano una protección básica ante el riesgo de ejecución de una sentencia en contra de su residencia. *In re Santiago Maldonado*, 206 DPR 1029 (2021) (*Per Curiam*). Véase Exposición de Motivos de la Ley Núm. 195-2011 (2011 [Parte 2] Leyes de Puerto Rico 2230); Ley Núm. 195-2011 (31 LPRA sec. 1858 *et seq.*); *Money's People, Inc. v. López Llanos*, 202 DPR 889 (2019)). No obstante, el derecho al hogar seguro también es aplicable en casos de un divorcio, por lo cual el tribunal dispondrá de tal derecho según la equidad de las partes. *Candelario Vargas v. Muñiz Díaz*, 171 DPR 530 (2007).

Dicho esto, para conceder el derecho a hogar seguro, el Tribunal de Primera Instancia deberá considerar, entre otros, (1) si el cónyuge solicitante mantiene la custodia del hijo menor de edad; (2) si la vivienda familiar es el único inmueble que puede cumplir razonablemente ese propósito dentro del patrimonio conyugal, sin que afecte significativamente el bienestar óptimo de los beneficiados al momento de su concesión con más necesidad de protección; y (3) si el cónyuge solicitante, aunque tenga hijos que no vivan en su compañía,

necesita de esa protección especial, por su edad y situación personal. Arts. 477-478 del Código Civil de 2020, 31 LPRA secs. 6851, 6852. Esta adjudicación del derecho al hogar seguro podrá incluir, cuando necesario, la vivienda familiar aun cuando la misma constituya como un bien común entre excónyuges o una propiedad a nombre de los hijos. Véase *Candelario Vargas v. Muñiz Díaz*, *supra*; *Irizarry v. García*, 58 DPR 280 (1941); *Carrillo v. Santiago*, 51 DPR 545 (1937).

De ordinario, el derecho de un hijo solicitar el derecho a hogar seguro recae, en gran parte, en el interés del bienestar de los hijos supeditar los intereses propietarios de un padre, especialmente cuando la vivienda familiar reclamada ha sido la vivienda de las partes por un periodo de tiempo considerable. *Crespo Quiñones v. Santiago Velázquez*, 176 DPR 408 (2009); *Candelario Vargas v. Muñiz Díaz*, *supra*. De esta manera, se logra mantener las mismas condiciones familiares existentes antes de la ruptura de las partes y, en esencia, el deber de los padres de proveerle a sus hijos con una habitación. *Candelario Vargas v. Muñiz Díaz*, *supra* (citando a E. Roca Trías, *De los efectos comunes a la nulidad, separación y divorcio*, *en Comentarios a las reformas del derecho de familia*, Madrid, Ed. Tecnos, 1984, Vol. I, págs. 606-608). A esos efectos, la existencia o no de un matrimonio previo entre los padres es irrelevante en cuanto al alcance de la obligación del padre no custodio de reclamar a favor de su hijo la vivienda familiar como hogar seguro. Íd.

Claro, el derecho a un hogar seguro en nada afecta la titularidad ni es un título adicional de propiedad, aunque el titular, de oponerse a cualquier disposición de derecho sobre la vivienda familiar, deberá presentar oportunamente su objeción fundamentada al tribunal. Art.

483 del Código Civil de 2020, 31 LPRA sec. 6857; *Candelario Vargas v. Muñiz Díaz, supra* (citando a *Rodríguez v. Pérez*, 161 DPR 637 (2004)). La cuestión sobre esta objeción deberá resolverse a favor del interés familiar que amerite mayor protección. Art. 483 del Código Civil de 2020, *supra*.

En el presente caso, el Tribunal de Primera Instancia actuó correctamente al adjudicar el derecho al hogar seguro a favor de la apelada. Del expediente se desprende testimonios incontrovertidos de la apelada que demuestran que esta carece de una residencia alterna o de los ingresos para adquirir dicha residencia, al igual de cualquier ayuda familiar que se le pudiera conceder. Más aun, se demostró mediante las declaraciones de ambas partes que el menor ha vivido toda su vida en la residencia en controversia y requiere de un hogar cómodo y familiar para su bienestar, una condición que nuestra política pública posiciona sobre el mejor bienestar del menor y al margen de la aplicabilidad de la figura de hogar seguro en casos donde no hubo matrimonio, pero en referencia a ella en cuanto a disposición práctica, al igual que sobre cualquier titularidad que el apelante desfavorecido tenga sobre la propiedad en controversia. Por tanto, considerando que cualquier testimonio que el Tribunal recurrido acoge con entero crédito es suficiente para evidenciar un hecho, es adecuada la adjudicación de la residencia en Santa Elvira como el hogar del menor hasta que advenga a la mayoría de edad o, si es estudiante que cualifique, hasta los veinte cinco (25) años.

Por los fundamentos expresados, confirmamos la *Resolución* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones