(No. 29719.—

MARY BYDALEK, Appellee, *vs.* MICHAEL BYDALEK *et al.*— (MICHAEL BYDALEK, Appellant.)

*Opinion filed January 22, 1947.*

STANLEY WERDELL, of Chicago, for appellant.

LEVINSON, BECKER & ·PEEBLES, (BENJAMIN M. BECK-ER, and BERNARD SAVIN, of counsel,) all of Chicago, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

On March 1, 1945, appellee, Mary Bydalek, filed her complaint . for partition in the superior court of Cook county, asking for partition of a parcel of real estate described as "Lots Two (2) and Three (3) in Block Two (2) of Lots Fifteen (15) and Sixteen (16) of Brands Subdivision of the Northeast Quarter (NE¼) of W. E. Hatterman's Milwaukee Avenue Subdivision, Section Twenty-six (26), Township Forty (40) North, Range Thirteen (13), East of the Third Principal Meridian, situated in the city of Chicago in the County of Cook and State of Illinois."

The property is improved with a two-story brick building located at 2896 Milwaukee Avenue, Chicago. Appellee alleged that she and her husband, Michael Bydalek, appellant, were the owners in fee simple of the premises and that title was acquired by warranty deed on May 28, 1934. The complaint prays for partition, receiver, attorney fees and an accounting. In a series of pleadings appellant alleged, among other things, that prior to the creation of the joint tenancy of the property, appellee orally agreed not to partition the premises, and subsequently, after the acquisition of the property, appellee orally agreed that the premises would not be partitioned. The cause was referred

to the master for proof and findings. On January 28, 1946, the master filed his report finding, among other things, that there was no oral agreement made by appellee not to partition the premises and recommended that an order partitioning the premises be entered. The master's report was approved by the chancellor and a decree for partition was entered.

The record discloses that appellant and appellee were married in 1902; that in 1928 appellee filed a suit for separate maintenance, which resulted in a reconciliation of the parties and the suit was dismissed; that in April, 1933, appellant purchased the premises in question, placing the title in his son, John Bydalek.

It is appellant's contention that the title to the premises was placed in his son's name for the reason he was afraid appellee would file another suit for separate maintenance against him. On May 28, 1934, the premises were conveyed to appellant and appellee by warranty deed from John Bydalek. Appellant contends that appellee often requested that the property be conveyed to them as joint tenants to provide an income for the survivor of them. Appellee contends that the property was conveyed to them by their son prior to his marriage to prevent his future wife from acquiring an interest therein.

In April, 1939, after further marital disputes, appellee and appellant met with their respective counsel to discuss terms for separate maintenance. The record discloses that at said conference it was agreed appellant would pay his wife $112 per month. Appellant contends that at this conference appellee made the second oral promise not to partition the premises here involved. This is denied by appellee, who testified there was no discussion during the conference concerning the real estate.

On April 26, 1939, appellee separated from appellant, and a decree was entered on January 29, 1941, in the circuit court of Cook county, in accordance with the terms of

support as agreed to in said conference. This decree found that the parties were living separate and apart without her fault, and that appellant had been guilty of extreme and repeated cruelty toward appellee prior to the separation.

Appellant assigns many errors, but grouped, they are as follows: (1) That the findings of the master were against the manifest weight of the evidence; (2) that the court erred in finding that an oral agreement not to partition would violate the Statute of Frauds, and contends that appellee failed to plead the statute; (3) that the court erred in denying appellant leave to file a counterclaim; (4) that the court erred in denying a homestead estate to appellant; and (5) that the court erred in taxing costs against the appellant and in failing to require the master and stenographer to prove the reasonableness of their fees.

Appellant urges that partition should be denied to appellee because, as he contends, appellee made two separate oral promises not to partition said premises; that one was made prior to the acquisition of the property by the parties, and the second, after the acquisition during a conference in regard to the terms of settlement in the suit for separate maintenance.

It is a well-recognized rule that a court of equity will not award partition where there is an agreement not to partition. (*Hardin* v. *Wolf,* 318 Ill. 48.) The controversy and the main question presented here is whether or not there was an agreement by Mary Bydalek, the appellee, not to partition the premises in question. The master, to whom the cause was referred, found that no such agreement was entered into. The appellee denied such agreement. The burden is upon the appellant, who alleged the existence of the agreement, to make proof of same. The master, who found for the appellee, saw and heard the witnesses testify, and although his conclusions do not carry the weight of the verdict of a jury, nor the findings of a chancellor who has heard the evidence, they are, neverthe-

less, entitled to weight in determining the credit to be given the testimony. The findings when approved by the chancellor, as was done in this case, will not be disturbed unless manifestly against the weight of the evidence. (*Newman* v. *Youngblood,* 394 Ill. 617; *Osgood* v. *Zieve,* 388 Ill. 226.) We have examined the record in this case and cannot say the findings were against the manifest weight of the evidence. The burden was upon the appellant to prove by a preponderance of the evidence the existence of the oral agreement not to partition the premises. We do not believe that the necessary proof has been made. In view of this, further questions as to the Statute of Frauds, and whether the statute had been pleaded, need not be considered.

Appellant contends the chancellor erred in denying his motion for leave to file a counterclaim. This motion was presented, with a counterclaim asking for a decree declaring a constructive trust in the undivided one-half interest in fee claimed by appellee, and in the alternative for a homestead estate. Appellant's motion for leave to file the counterclaim was made after all the evidence was heard by the master, and the chancellor, after a hearing on the motion, overruled the same and approved the report of the master.

Appellant contends that under the authority of *Termaat* v. *Termaat,* 357 Ill. 472, the question of a constructive trust was put in issue and should have been considered. In the *Termaat case* the property was conveyed first to the husband and wife, then subsequently, by legal transfer, to the wife. The court there, in settling the property rights, found that the husband was entitled to an undivided one-half. We do not think that the case is in point. There was no showing here that the property was taken by appellee in trust for appellant. If a trust were created, it was created at the time the title was taken in appellee and appellant. (*Nickoloff* v. *Nickoloff,* 384 Ill. 377.) It does

not appear that appellee was trustee for the appellant of her undivided one-half interest in the property.

Appellant, in his motion for leave to file a counterclaim, states that the hearings before the master show appellant is entitled to affirmative relief, that a constructive trust exists in the one-half owned by appellee, and in the alternative that he is entitled to a homestead estate or right of occupancy. To determine whether there has been an abuse of judicial discretion in denying appellant's motion for leave to file a counterclaim, it is necessary to consider the merits of appellant's claim. We have considered the question as pertaining to the trust as claimed by appellant and do not find sufficient evidence upon which to base a claim of trust. As to the question of appellant's right of homestead, we do not find this particular question has previously been before this court.

In the case of *Brod* v. *Brod,* 390 Ill. 312, the plaintiff, husband of the defendant, started partition proceedings against his wife who was living on the premises. The master found, and the finding was approved by the chancellor, that the defendant was living separate and apart from her husband through no fault of hers and that the plaintiff had been guilty of extreme and repeated cruelty. We there held the wife was entitled to an award of $1000 from the proceeds of the partition sales. There it appears the wife was living separate and apart from her husband through no fault of hers. This being so, the husband was neither entitled to the homestead, nor was he entitled to a division of the homestead. There seems to be some analogy between the *Brod case* and the instant case. Here the appellant claiming a homestead interest resides on the premises. However, appellee is living separate and apart from him through no fault of hers. It was found by the court in the previous separate maintenance case that appellant had been guilty of cruelty toward appellee, and that she

was living separate and apart through no fault of hers. As in the *Brod case,* there is no contention here by appellant that he has offered to provide his wife with another suitable homestead. In the case of *Bailey* v. *Hamilton,* 337 Ill. 617, the court said: "By her marriage and residence on the premises in question here, appellant Evelyn Bailey acquired the right to occupy them as her homestead. Her husband could not deprive her of that right without her consent. He could not require her to remove from those premises without providing a homestead suitable to her station in life in its stead. The law recognizes the rights of husband and wife in this respect as co-ordinate, and has declared by statute that where a homestead exists neither can change the residence of the other from that homestead without such other's consent or unless another suitable homestead is provided." Here it does not appear that appellant would be entitled to a right of homestead as against the interest of appellee in view of the previous finding that appellee was living apart through no fault of hers, and that she had been compelled to leave the home by reason of the cruelty of the appellant. To allow appellant a homestead under the facts in this case would place a premium upon his misconduct and do violence to all the established rules of equity by permitting him to benefit through his own misconduct. We believe that our observation in the case of *Brod* v. *Brod,* 390 Ill. 312, is apropos here. There, we said, "While the right to partition is an absolute one, (*Murphy* v. *Murphy,* 343 Ill. 234,) a court of equity will not permit the proceeding to be used to circumvent and avoid the established principles of law and public policy, and will, in the exercise of its general, equitable jurisdiction, control the proceedings so as to protect the rights of all parties concerned." From the facts as shown by the record here we are of the opinion the appellant is not entitled to a right of homestead in the premises. For the

above reasons, it does not appear the chancellor abused his discretion in denying appellant's motion for leave to file his counterclaim.

Finally, appellant urges that the fees of the stenographer, amounting to $171.75, and of the master, amounting to $210, were improperly taxed as costs against him. In view of the provision of section 40 of the Partition Act, (Ill. Rev. Stat. 1945, chap. 106, par. 40,) which provides that the court shall apportion the costs among the parties, we believe the lower court erred in taxing these items of costs against appellant. It appears that these costs should have been, under the circumstances, apportioned equally between the parties. Appellant also contends that the costs of the master should have been itemized to show the time spent in each of the various items. Here there has been an allowance of costs to the master for "Obtaining files, docketing case, examining order of reference, hearing arguments of counsel, reading extensive briefs filed by counsel, research on questions of law and fact, preparing findings of fact and conclusions of law, preparing report—21 hours at $10 per hour—$210." Upon the authority of *Litwin* v. *Litwin*, 375 Ill. 90, we believe these charges should have been itemized.

The decrees appealed from are affirmed in so far as they order a partition of the premises and determine the interests therein and deny appellant's motion for leave to file a counterclaim, and that appellant is not entitled to have a trust imposed or to a homestead in the premises. That part of the decree taxing the costs against appellant and approving the master's fees is reversed, and the cause is remanded for the purpose of apportioning the costs and itemizing the master's fees consistent with the views expressed in this opinion.

*Affirmed in part and reversed in part*
*and remanded, with directions.*