468

WALLY LA PLACA, Appellant, *vs.* CHARLES LA PLACA, Appellee.

*Opinion filed March 24, 1955—Rehearing denied May 16, 1955.*

CARBARY & CARBARY, (PAUL M. HAMILTON, of counsel,) both of Elgin, for appellant.

W. BEN MORGAN, of Elgin, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The plaintiff, Wally La Placa, brought an action for separate maintenance in the circuit court of Kane County. The defendant, her husband, filed a counterclaim seeking partition of three parcels of real estate owned jointly by the plaintiff and himself, of which one was the residence occupied by the parties. The plaintiff's action was dismissed upon her motion. On the counterclaim the court found that plaintiff and defendant each owned an undivided half interest in the property, and ordered that partition be made accordingly. Plaintiff has appealed from that decree.

Error is assigned only with respect to that part of the decree which concerns the land occupied as a residence. This property was purchased in joint tenancy, the plaintiff paying $4600 of the purchase price and the defendant

$6000, and the parties agreed to hold the property equally. Since February, 1953, the parties have become estranged and have occupied different rooms in the house. Following the institution of plaintiff's action the defendant caused the ownership of the property to be changed to tenancy in common.

The trial court found that the property was occupied as a homestead. It also found that while it had power to award a homestead interest of $1000 to either party if the other had forfeited his homestead rights, under the circumstances of the case neither party was entitled to assert a homestead right against the other. The decree therefore did not provide for the assignment of a homestead interest upon partition, nor did it provide for setting off the sum of $1000 in the event the property should be sold.

The plaintiff contends first that the court was without power to order partition of the property because it was a homestead, and second, that partition could not be decreed without providing that an estate of homestead be set off to plaintiff in the property, or that $1000 be set off from the proceeds if it should prove necessary to sell the property.

Section 1 of the Homestead Exemption Act provides "That every householder having a family, shall be entitled to an estate of homestead, to the extent in value of $1,000, in the farm or lot of land * * * owned or rightly possessed, by lease or otherwise, and occupied by him or her as a residence; and such homestead, and all right and title therein, shall be exempt from attachment, judgment, levy or execution, sale for the payment of his debts, * * * except as hereinafter provided." (Ill. Rev. Stat. 1953, chap. 52, par. 1.) In the case of a husband and wife living together, where title to the residence is in the husband, he is normally the householder contemplated by this section, and is entitled to assert the statutory exemption created by the act. (*Taylor* v. *Taylor*, 223 Ill. 423.) So far as his wife is concerned, she possesses only a potential right of

succession to the exemption upon the death of her husband or in the event that he deserts her. (Ill. Rev. Stat. 1953, chap. 52, par. 2.) This potential right is secured to her by the requirement of the act that a conveyance or release of the homestead exemption shall not be effective without the consent of the householder's spouse. (Ill. Rev. Stat. 1953, chap. 52, par. 4; cf. chap. 30, par. 26.) So far as the Homestead Exemption Act is concerned, however, this protection extends only to that part of the property which does not exceed $1000 in value. See *White* v. *Bates*, 234 Ill. 276.

Section 20 of the Partition Act provides: "In case of sale the court may, with the assent of the person entitled to an estate * * * of homestead, to the whole or any part of the premises, who is a party to the suit, sell such estate with the rest. * * * When any such interest is sold the value thereof may be ascertained and paid over in gross, or the proper proportion of the funds invested, and the income paid over to the party entitled thereto, during the continuance of the estate." Ill. Rev. Stat. 1953, chap. 106, par. 63.

This section requires consent to sale only of the person presently entitled to claim the homestead exemption as a householder, and therefore, so far as this section is concerned, plaintiff's contention must presuppose that because of the joint ownership of the property she qualifies as the holder of a homestead interest in her own right. Apart from this, however, we have held that even the person entitled to the homestead estate cannot prevent partition by a cotenant, because to let him do so would in effect enlarge his estate and inequitably deprive the co-tenant of the benefits of the land. (*Wiegand* v. *Wiegand*, 410 Ill. 533.) The plaintiff suggests, however, that partition without her consent is forbidden by section 16 of the Married Women's Act, which was not expressly considered by the court in the *Wiegand case*. That section provides:

"Neither the husband nor wife can remove the other or their children from their homestead without the consent of the other, unless the owner of the property shall, in good faith, provide another homestead suitable to the condition in life of the family; * * *." (Ill. Rev. Stat. 1953, chap. 68, par. 16.) Assuming that it applies to a partition of the premises, we have held that this section, like section 20 of the Partition Act, does not place an unconditional ban against partition, but at most requires that the spouse be awarded a monetary equivalent of whatever homestead interest she may possess. See *MacCaulay* v. *Jones*, 295 Ill. 614.

We turn then to the question whether the plaintiff under the circumstances of this case was entitled to a decree setting off a homestead in her favor. Plaintiff has assumed that in any partition proceeding between husband and wife where a homestead is involved one of the parties must be awarded an additional interest beyond the equivalent of the undivided half of the fee which he or she owns. We do not think that this result follows from the provisions of either the Homestead Exemption Act or the Partition Act. Essentially the Homestead Act provides the householder an exemption from the claims of third parties. While it contemplates that upon the death of her husband or his desertion of her the wife may succeed to the exemption which the statute gives him, and while it makes her consent necessary to a release of the homestead, it does not otherwise create a present right in her to a $1000 interest in his property. The Partition Act does not enlarge her rights. It provides for a monetary award equivalent to the homestead exemption, but the right to the award is made contingent upon whether the claimant under the circumstances is the one who is entitled to that exemption.

In *Johnson* v. *Muntz*, 364 Ill. 482, this court held that where husband and wife hold a residence in joint tenancy, the entire homestead exemption of $1000 is vested in the

husband, since he is the householder. (See also *Brokaw* v. *Ogle,* 170 Ill. 115.) If this view is correct, then neither the Homestead Exemption Act nor the Partition Act confers any rights upon the plaintiff here, since she does not qualify as the "person entitled to the homestead" under section 20 of the latter act. If the property here involved could be divided, the defendant's homestead exemption would still attach to his separate parcel, provided he continued to occupy it as a residence, and the plaintiff would have the same rights in this homestead as before. The statutory exemption extends as well to the proceeds of the sale for the period of one year, and to the reinvestment of the proceeds in another homestead (Ill. Rev. Stat. 1953, chap. 52, par. 6,) and no reason is perceived why the sale of property upon partition should create greater rights in the plaintiff than she would have upon a physical division.

The plaintiff argues, however, that subsequent holdings of this court in the cases of *Brod* v. *Brod,* 390 Ill. 312; *Bydalek* v. *Bydalek,* 396 Ill. 65, and *Wiegand* v. *Wiegand,* 410 Ill. 533, point to a different conclusion, and that these cases indicate that as between husband and wife the homestead exemption is considered as being held jointly. In the first of these cases the husband and wife, who owned the residence jointly, became estranged, and the husband ceased to live in the premises. Thereafter he sued for partition. The court held that the wife was entitled to have $1000 set off from the proceeds of sale before equal division of the proceeds between the two cotenants was made, thus awarding her a net increment of $500 at the expense of the husband. In the course of the opinion the court threw some doubt on the view taken in *Johnson* v. *Muntz* that the homestead was held entirely by the husband. The court did not unequivocally repudiate that view however, nor under the facts presented was it necessary to do so. Since the wife, upon her husband's desertion, could be regarded as having succeeded to a right of homestead

in the undivided half which he owned, she was entitled to assert that interest against the cotenant in a partition action.

In *Bydalek* v. *Bydalek,* the wife had obtained a decree of separate maintenance and had left the premises, where her husband had continued to reside. She sued for partition, and the husband counterclaimed for what is referred to in the opinion as an award of homestead. We held he was not entitled to the relief which he sought, and so far as the opinion discloses no award was made to either party, the property being simply divided in half between them. What the husband was seeking, in effect, was to augment the exemption which he already held in his own property with an increment deducted from his wife's share, and for this there was of course no basis.

In *Wiegand* v. *Wiegand,* 410 Ill. 533, the wife and husband had also separated, with the latter remaining on the homestead premises, and the wife brought suit for partition. The case differs from the *Bydalek case* in that the wife was found to have abandoned the homestead voluntarily. This being so, she was clearly not entitled to assert any interest in her husband's share. The court, however, went further and held that the husband was entitled to have $1000 set off from the sale proceeds, thus awarding him $500 at the expense of his wife. In its remarks on the *Johnson* and the *Brod cases,* the opinion indicates that the result was reached on the theory that when husband and wife are joint tenants each of them holds a homestead to the extent of $500, so that upon abandonment by the wife her interest passes to the husband.

In the present case, however, it is immaterial whether the defendant be regarded as having the entire homestead of $1000. If so, he remains vested with that interest, since he has not deserted his wife. No award can be made to her, since she is not presently entitled to homestead, and no award need be made to defendant beyond the one half of the proceeds, in which his existing exemption is con-

474

tinued by the statute. If, on the other hand, the plaintiff is regarded as having a $500 interest in the half of the property owned by her, an equal division of the property deprives her of no rights. Certainly she cannot lay claim to the $500 exemption held by the defendant, any more than he can lay claim to hers. The decree partitioning the property equally between the parties leaves each of them with precisely the rights which they possessed before.

The decree of the circuit court is accordingly affirmed.

*Decree affirmed.*