Beatrice Jackson, et al., Appellants, v. Katherine O'Connell, et al., George L. McCabe, Executor of the Estate of Anna Duffy, Deceased, and Edmund J. Kucharski, Registrar of Titles of Cook County, Illinois, Appellees.

Gen. No. 49,020.

First District, Second Division.

February 4, 1964.

Rehearing denied February 26, 1964.

Thomas F. Allman, of Chicago, for appellants.

John S. Kavanaugh, of Chicago, for appellee, Katherine O'Connell.

MR. JUSTICE FRIEND delivered the opinion of the court.

This is an appeal from that portion of an order which adopted a master's recommendation to allow counterclaimant's request that her attorney's fees in

a partition suit be apportioned. The parties claiming title to the real estate in question were in disagreement as to their proportionate interests. The matter was finally adjudicated by the Supreme Court (Jackson v. O'Connell, 23 Ill2d 52, 177 NE2d 194 (1961), which found the interests in accordance with counterclaimant's contentions.

As the court said in its opinion, the controlling facts are simple and uncontroverted. Neil Duffy, who died testate in Chicago in 1936, had devised various parcels of real estate to his three sisters, Nellie Duffy, Anna Duffy, and Katherine O'Connell, as joint tenants. In 1948, shortly before her death, Nellie Duffy quitclaimed her interest to Anna Duffy, who died testate in 1957. Her will was admitted to probate on July 31, 1957, and plaintiffs, counterdefendants, became the devisees of the interest of Anna Duffy in the real estate. On August 28, 1957 they filed their complaint for partition, alleging in detail the facts hereinabove set forth, and proceeded on the theory that they had an undivided two-thirds interest in the real estate, defendant counterclaimant Katherine O'Connell an undivided one-third interest. Defendant filed an answer admitting the facts, but also filed a counterclaim on the theory that Nellie Duffy's quitclaim deed to Anna Duffy severed the joint tenancies only so far as the grantor's one-third interest was concerned; that the joint tenancies between Anna Duffy and defendant continued in full force and effect as to the remaining two-thirds; that upon Anna Duffy's death defendant succeeded to that two-thirds interest as surviving joint tenant; and that plaintiffs are devisees of only the one-third interest which passed to Anna Duffy by reason of Nellie Duffy's quitclaim deed. Plaintiffs' motion to strike the counterclaim was overruled, and they then filed an answer to the counterclaim. The cause was referred to a master who found the inter-

50

ests in accordance with counterclaimant's contentions. The master's report was approved by the chancellor whose decree for partition confirmed the master's conclusions. On appeal, as heretofore stated, the Supreme Court affirmed the decree.

Pursuant to the partition decree, the master sold the premises and, together with rents collected by the receiver, realized a total of $73,255.32. Pursuant to an order of re-reference, the master heard testimony and made a report of proposed distribution in which he recommended the allowance of attorney's fees in the amount of $12,500 to the attorney for counterclaimant. Plaintiffs filed objections which were overruled by the master. The chancellor approved the master's report in all respects, and ordered him to make distribution in accordance with the report; plaintiffs' objections were allowed to stand as exceptions to the report. Plaintiffs appeal from that portion of the order allowing fees to counterclaimant's attorney.

■ It is counterclaimant's theory that reasonable fees are allowable to the attorney for counterclaimant under the Partition Act (Ill Rev Stats 1963, c 106). The applicable language is as follows:

> "68. Apportionment of costs.] § 25. In all proceedings for the partition of real estate, when the rights and interests of all the parties in interest are properly set forth in the complaint, the court shall apportion the costs among the parties in interest in the suit, including . . . a reasonable fee for plaintiff's solicitor, so that each party shall pay his or her equitable portion thereof, unless the defendants, or some of them, shall interpose a good and substantial defense to the complaint. In such case the party or parties making such substantial defense shall recover their costs against the plaintiff according to equity."

51

Plaintiffs' appeal is based on four grounds: (1) the attorney for a counterclaimant in a partition suit is not entitled to have his fees apportioned; (2) the attorney's fees should not be apportioned because here plaintiffs interposed a good and substantial defense; (3) the attorney's fees should not be apportioned because counterclaimant's complaint failed to set forth accurately the rights and interests of plaintiffs; and (4) the attorney's fees which were allowed were unreasonable.

The first ground for reversal is based on the theory that since the partition statute makes no mention of an attorney for a counterclaimant, his fees cannot be apportioned. We do not place so narrow a construction on the partition statute; rather, we take it to mean that the successful party may petition the court to have his attorney's fees apportioned. Numerous decisions support this conclusion. Harrison v. Kamp, 403 Ill 542, 87 NE2d 631 (1949), is in point. Under consideration in that case was a petition for the apportionment of attorney's fees. The parties seeking the apportionment were cross-plaintiffs and the original defendants. Although the court denied the cross-plaintiffs' petition for apportionment, it did not so much as refer to the fact that they were not the original plaintiffs. We hold that it is not necessary to be the original plaintiff in order to have one's attorney's fees apportioned. To decide otherwise would encourage a race to the courthouse so as to be the first to file a partition suit. Upon satisfying the requirements of section 25 of the Partition Act it is possible for the attorney of a counterclaimant to have his fees apportioned.

Plaintiffs' second ground for reversal is that counterclaimant's attorney's fees should not be apportioned because there was a good and substantial defense. It is difficult to find or formulate a precise

52

definition of "a good and substantial defense." Prior decisions do state, however, that any substantial defense made in good faith, although not sustained in either the trial court or the reviewing court, is sufficient to preclude the apportionment of solicitor's fees. Harrison v. Kamp, 403 Ill 542, 547, 87 NE2d 631 (1949). It is error to apportion the attorney's fees where the suit is strongly contested and defendants in good faith advanced reasonable and substantial grounds on which they defended. Gebhardt v. Warren, 399 Ill 196, 204, 77 NE2d 187 (1948). In Dunshee v. Dunshee, 179 Ill App 290, 295 (1913), the court said:

> "The [partition] statute has been construed in favor of equity and justice as applied to individual cases arising under it. It is settled that 'good and substantial defense' does not mean a successful defense, nor does it mean one which is merely formal, frivolous or vexatious, and not undertaken in good faith. Metheny v. Bohn, 164 Ill 495. . . ."

Although plaintiffs' defense to the partition suit was not successful, their arguments were certainly advanced in good faith and were not merely formal, frivolous, or vexatious. The Supreme Court, although finding for counterclaimant, makes it clear that plaintiffs' defense was good and substantial, saying (p 55): "The problem then resolves itself down to the effect of Nellie Duffy's quitclaim deed upon the joint tenancy as a matter of law. The question appears to be one of first impression in Illinois." Later, the court commented (p 57): "There appears to be a dearth of case law on the subject, but no decisions have come to our attention which announce a doctrine contrary to that stated by the commentators mentioned above." Counterclaimant cannot well contend that plaintiffs' defense lacked good faith. Moreover, there was no suggestion

53

in the Supreme Court opinion that plaintiffs' arguments were merely formal, frivolous, or vexatious, or not undertaken in good faith. Accordingly we hold that in contemplation of law plaintiffs did have a good and substantial defense.

The third ground urged for reversal is that counterclaimant's complaint failed to correctly set out the rights and interests of the parties. Cases interpreting section 25 of the Partition Act hold that there shall be an apportionment of the claimant's attorney's fees only where it is unnecessary for the defendants to employ counsel to protect their interests in the land. Habberton v. Habberton, 156 Ill 444, 41 NE 222 (1895). It is essential that the conduct of the solicitor for the parties seeking partition be fair and impartial to all the parties in interest. McMullen v. Reynolds, 209 Ill 504, 70 NE 1041 (1904). Where a defendant in a partition suit denies that title to the real estate involved is in the plaintiff and claims that the entire title is in the defendant, the defense being a substantial defense and made in good faith, it is error to allow solicitor's fees to the plaintiff, even though the defense is not sustained. Adams v. Adams, 398 Ill 581, 76 NE2d 495 (1948).

In this case counterclaimant's counterclaim for partition did not accurately state the facts which established the rights and interests of plaintiffs. In the third paragraph of counterclaimant's counterclaim it is alleged that "NELLIE DUFFY quit-claimed her interest in the aforesaid real estate to ANNA DUFFY, which deed was without any consideration on the part of ANNA DUFFY." If the deed had been found to lack consideration it would not have been effective to pass any interest in the real estate to Anna Duffy. Plaintiffs as devisees of Anna Duffy had to employ counsel in order to sustain the validity of the deed in

54

question. The master, the trial court, and the Illinois Supreme Court found the deed to be valid.

We find support for our decision in Maciaszek v. Maciaszek, 43 Ill App2d 405, 193 NE2d 610 (1963). In that case the record established that the defendant was justified in contesting the partition action and interposed a substantial defense which was sustained by the master and the chancellor in the original proceedings although not sustained by the Supreme Court on plaintiff's appeal; we held that plaintiff was not entitled to allowance of attorney's fees as part of the taxable costs.

In O'Malley v. Walker, 4 Ill App2d 555, 561, 562, 124 NE2d 690 (1955), the court provided an excellent analysis of the problems connected with granting an apportionment of attorney's fees in a partition suit. The court said:

> "Partition proceedings are adversary. They are res adjudicata and not, except in extraordinary circumstances, subject to collateral attack. Berry v. Egan, 291 Ill 377; Katz v. Berkos, 316 Ill App 569. In either case of collateral or direct attack the remedy is expensive. Confronted with a complaint containing a prayer that the court allow plaintiff reasonable solicitor's fees, determination by a defendant whether to employ counsel may be a difficult one for him to make. His relationship to the plaintiff may be based upon the merest acquaintance. Or upon nothing more than their common ownership. Or again relations between them may be something less than amicable, if not actually hostile. The value of the properties involved in the proceedings, the expenses, costs and other factors involved, may be substantial. The question for a defendant becomes which expense shall he risk: shall he employ counsel and

55

have to pay his counsel's fees that his rights may be protected, or shall he risk the loss of valuable rights and pay only his pro rata share of plaintiff's attorney's fees?

"This dilemma confronting a defendant in these situations did not exist at common law. By statute it is now impressed upon him. A penalty is now imposed by law for his exercise of bad judgment. For these reasons the statute is strictly construed and the penalty not lightly or recklessly imposed. [Citations omitted.] If his doubt appears *reasonable,* if there exists between the parties *an honest difference of opinion,* apportionment of plaintiff's solicitor's fees will not be allowed. Jones v. Young, 228 Ill 374. Plaintiff owes defendant a duty to establish his right to partition, to join all necessary parties as defendants and to set up the interests of all parties properly. Ill Rev Stats 1953, c 106, §§ 44–46, 48, 68 [Jones Ill Stats Ann 109.490(4)–109.490(6), 109.490(8), 109.490(28)]." (Emphasis ours.)

For the reasons stated, counterclaimant's request for an apportionment of her attorney's fees must be denied. That part of the order of the Circuit Court awarding attorney's fees to counterclaimant is reversed; in all other respects the order is affirmed; and the cause is remanded with directions to enter an order not inconsistent with the views of this opinion.

Order affirmed in part and reversed in part, and cause remanded with directions.

BURKE, P. J. and BRYANT, J., concur.