**Everd S. Boyer, Plaintiff-Appellee, v. The Atchison, Topeka and Santa Fe Railway Company, a Corporation, Defendant-Appellant.**

Gen. No. 50,742.

First District, Second Division.

May 3, 1966.

Floyd Stuppi, John J. Schmidt and Gus Svolos, of Chicago, for appellant.

Ozmon & Lewin, of Chicago (Sidney Z. Karasik, of counsel), for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

This appeal is taken from a judgment entered on a verdict for plaintiff for personal injuries sustained by him as a passenger on defendant's railroad train. On a prior appeal of this case, a judgment on the pleadings for defendant was reversed and a trial ordered on the merits. (Boyer v. Atchison, T. & S. F. Ry. Co., 34 Ill App2d 330, 181 NE2d 372.)

After the case was remanded for trial, and before the trial, defendant amended its answer, alleging that the free pass under which plaintiff was riding was issued to "E. S. Boyer and Wife," whereas the party with whom plaintiff was traveling when injured was his sister, thereby constituting a violation of the Hepburn Act and a revocation of the free pass, and rendering plaintiff a trespasser. 49 USC § 1(7). On plaintiff's motion the amendment was stricken by the trial court.

■  With the exception of the question relating to plaintiff's violation of the Hepburn Act, defendant admittedly argues the same questions of law on this appeal which were argued on the former appeal and which were resolved adversely to defendant. The questions of law decided on the former appeal are the law of the case, binding on the trial court and on this court, and we have decided to adhere to our opinion in the former appeal. See People ex rel. Kastning v. Militzer, 301 Ill 284, 133 NE 761; People ex rel. Powell v. Board of Education of City of Chicago, 348 Ill App 390, 108 NE2d 814.

■ ■  Plaintiff's violation of the Hepburn Act, in obtaining his sister's passage as his wife, in no way alters his status as an authorized passenger, so as to preclude recovery for his injuries. The most that can be said in this regard is that plaintiff misrepresented his sister's status, which of itself does not render the pass void as to plaintiff. Plaintiff's sister, not plaintiff, was the unauthorized passenger. The cases cited by defendant in support of its position are not in point, for the reason

that they involve the alleged unauthorized passenger himself as the party-plaintiff: Toledo, W. & W. R. Co. v. Beggs, 85 Ill 80, and Rice v. Illinois Cent. R. Co., 22 Ill App 643. Furthermore, this situation is analogous to cases where an injured employee sues to recover for injuries under the Federal Employers' Liability Act, and the employer defends on the grounds that the employee made misrepresentations at the time of hiring, resulting in no employment. There is no causal relation between the misrepresentations and the injuries. See Taylor v. Elgin, Joliet and Eastern Ry. Co., 33 Ill App 2d 64, 178 NE2d 704.

For these reasons the judgment is affirmed.

Judgment affirmed.

BRYANT, P. J. and LYONS, J., concur.