FRANK ANDERSON, JR., Plaintiff-Appellee, *v.* KATINA L. ANDERSON, a/k/a Kathi Anderson, Defendant-Appellant.

First District (3rd Division)   No. 62192

Opinion filed July 22, 1976.—Rehearings denied November 4, 1976.

Martin Tiersky, of Chicago, for appellant.

Morgan, Lanoff, Cook & Madigan, of Chicago, for appellee.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

This is an appeal by the defendant, Katina Anderson, from a decree ordering the partition of the residence occupied by her, and owned by her estranged husband and herself as tenants-in-common.

The Andersons were married in 1965. They purchased the residence in

1969 and resided in it until 1971. In October of that year the plaintiff, Frank Anderson, left the marital home and has never returned. Mrs. Anderson obtained a decree for separate maintenance in April 1974, and in June the plaintiff filed this suit for partition.

The trial court granted the partition and found in its decree that each party was entitled to one-half of the property and awarded Mrs. Anderson $5,000 from the proceeds of the sale for her homestead rights. The court appointed a commissioner to partition the premises. In a subsequent petition to modify the decree, Mrs. Anderson protested that the appointment of the commissioner was in violation of the Constitution of Illinois. The court refused to vacate the appointment.

Mrs. Anderson contends that she cannot be deprived of her home by an abandoning husband unless he provides her with a suitable, substitute home; or, in the alternative, if she must leave her present domicile, that she should receive the full homestead exemption of $10,000. She also renews her contention that appointing a commissioner was improper because of the constitutional prohibition against fee officers in the Illinois judicial system.

The plaintiff argues that the defendant should not be permitted to raise the first two contentions because she failed to raise them in her motion to modify the decree and cites Supreme Court Rule 366 (1)(iii) and *Matthews v. Stewart Warner Corp.* (1974), 20 Ill. App. 3d 470, 314 N.E.2d 683, in support of this argument.

There is no Rule 366(1)(iii). However, there is a Rule 366(b)(2)(iii) (Ill. Rev. Stat. 1975, ch. 110A, par. 366(b)(2)(iii)) and it states that a party may not urge as error on review, any point, ground or relief not specified in his post-trial motion. But, this rule applies only to jury cases and the present case did not involve a jury. For the same reason, the plaintiff's reliance on the *Matthews* case is misplaced. The applicable rule for nonjury cases is Rule 366(b)(3)(ii) (Ill. Rev. Stat. 1975, ch. 110A, par. 366(b)(3)(ii)), which states: "Neither the filing of nor the failure to file a post-trial motion limits the scope of review." We hold, therefore, that the defendant can raise the two contentions and we will consider them in order.

■■■ The first of these is that section 16 of the Married Women's Act bars the partition of the parties' single-family home because it would result in her unwilling eviction without another home being provided for her by her husband. The object of partition is to enable those who own property as joint tenants or as tenants-in-common to sever their interests so that each may take possession of his separate estate. Generally, in the absence of special equities, one owning land in common with another has the absolute right to partition. (*Davis v. Davis* (1970), 128 Ill. App. 2d 427, 262 N.E.2d 788.) The motive for partition is immaterial. *Heldt v. Heldt* (1963), 29 Ill. 2d 61, 193 N.E.2d 7.

The statute upon which the defendant relies states:

"Neither the husband nor wife can remove the other * * * from their homestead without the consent of the other, unless the owner of the property shall, in good faith, provide another homestead suitable to the condition in life of the family * * * ." (Ill. Rev. Stat. 1973, ch. 68, par. 16.)

The same contention was raised and rejected in *La Placa v. La Placa* (1955), 5 Ill. 2d 468, 126 N.E.2d 239. In *La Placa*, which involved a dispute between a husband and wife over real estate that they owned as tenants-in-common, the court stated:

"[W]e have held that even the person entitled to the homestead estate cannot prevent partition by a cotenant, because to let him do so would in effect enlarge his estate and inequitably deprive the cotenant of the benefits of the land. [Citation.] The plaintiff suggests, however, that partition without her consent is forbidden by section 16 of the Married Women's Act * * * . * * * Assuming that it applies to a partition of the premises, we have held that this section * * * does not place an unconditional ban against partition, but at most requires that the spouse be awarded a monetary equivalent of whatever homestead interest she may possess." (5 Ill. 2d 468, 470-71.)

The defendant concedes that *La Placa* holds that under facts similar to those in this case a partition suit can be maintained, but she asks us not to follow that decision. This we cannot do. It is not within our authority to overrule the Supreme Court or to modify its decisions. *Belden Manufacturing Co. v. Chicago Threaded Fasteners, Inc.* (1967), 84 Ill. App. 2d 336, 228 N.E.2d 532.

Mrs. Anderson contends that she is entitled to the full homestead exemption of $10,000 instead of the $5,000 allowed her by the court. Section 1 of the Homestead Act states, in part: "Every householder having a family shall be entitled to an estate of homestead to the extent in value of $10,000, in the * * * land and buildings * * * owned and * * * occupied by him or her as a residence * * * ." Ill. Rev. Stat. 1975, ch. 52, par. 1.

Section 2 of the Act provides:

"Such exemption shall continue after the death of such householder, for the benefit of the husband or wife surviving, so long as he or she continues to occupy such homestead, * * * and in case the husband or wife shall desert his or her family, the exemption shall continue in favor of the one occupying the premises as a resident." Ill. Rev. Stat. 1975, ch. 52, par. 2.

Some Illinois cases have held that if a husband lives and resides with his wife, the estate of homestead is vested in him. (*E.g., Brokaw v. Ogle*

(1897), 170 Ill. 115, 48 N.E. 394; *Taylor v. Taylor* (1906), 223 Ill. 423, 79 N.E. 139; *Johnson v. Muntz* (1936), 364 Ill. 482, 4 N.E.2d 826.) Other cases have held that if a husband and wife are common owners of the property upon which they reside, the homestead estate is vested in them jointly. (*E.g., Capek v. Kropik* (1889), 129 Ill. 509, 21 N.E. 836; *Stocker v. Curtis* (1914), 264 Ill. 582, 106 N.E. 441; *Voss v. Rezgis* (1931), 343 Ill. 451, 175 N.E. 799.) But all cases hold that if one spouse separates from the other and abandons the premises, the homestead rights accrue to the spouse who remains in the residence. (*Jones v. Jones.* (1917), 281 Ill. 595, 117 N.E. 1013; *Maher v. Goff* (1925), 316 Ill. 605, 147 N.E. 427; *Brod v. Brod* (1945), 390 Ill. 312, 61 N.E.2d 675; *Bydalek v. Bydalek* (1947), 396 Ill. 65, 71 N.E.2d 19; *Wiegand v. Wiegand* (1951), 410 Ill. 533, 103 N.E.2d 137; *Peck v. Peck* (1959), 16 Ill. 2d 268, 157 N.E.2d 249; *Taylor v. Bukowski* (1960), 19 Ill. 2d 586, 169 N.E.2d 89.) In *Brod*, the husband left his wife and abandoned their home. The court found that she was living apart from him without her fault, that he had offered no other suitable homestead for her and that she was therefore entitled to the entire value of the homestead ($1,000). The court ordered that the $1,000 was to be set off from the proceeds of the sale before equal division of the proceeds between her and her husband was made, thus awarding her a net increment of $500 at the expense of her husband. In *Bydalek*, the wife had obtained a decree of separate maintenance and she filed a complaint for the partition of their commonly owned property. The court found that she was living apart from her husband through no fault of her own, and that he had not offered to provide her with another suitable homestead. The court held that to allow him a homestead interest would be placing a premium on his misconduct and that he was not entitled to the right as against the interest of the wife. In *Wiegand*, the wife left her husband and he continued to occupy their residence. The court held that since the wife had moved out of the home without cause she had divested herself of her homestead interest and that her husband was entitled to the full homestead interest of $1,000, which awarded him $500 at the expense of the wife. In *Peck*, the wife left her husband after a quarrel. She filed a suit for partition. The husband obtained a divorce from her on the ground of adultery. In speaking of their homestead interests, the reviewing court said: "We think it clear that appellant [wife] forfeited her homestead interest and that appellee [husband], if the sale proves necessary, is entitled to have the entire value of the homestead set off to him before equal division of the proceeds is made." In *Taylor*, the wife moved from the jointly owned premises after obtaining a divorce on the ground of cruelty. The divorce decree neither deprived her husband of the homestead nor awarded it to his wife. The wife conveyed her interest to her mother, who filed a complaint for partition. The court held that the

wife had abandoned any homestead rights she might have had by quitting the premises and failing to have a homestead awarded to her in the divorce proceeding, and that since she had no such right her successor in title had none either. It was held that the husband was entitled to the entire homestead (then $2,500), and since "he owned an undivided one-half interest in the premises, he would be entitled to receive only an increment of $1,250 over the plaintiff's share of the proceeds from the sale."

■■ Likewise, Anderson deserted his wife and, without fault on her part, she has continued to live apart from him in their mutually owned residence. He has not provided her with another home or offered to do so. By abandoning his home, he relinquished his homestead estate and the whole estate accrued to his wife. She is entitled to the entire homestead of $10,000 which, in accordance with the conclusions reached in the cited cases, is to be set off from the proceeds of the sale, if the property is sold, before the balance is divided equally between them. She is thus to receive a net increment of $5,000 over his share of proceeds.

The partition decree granted Mrs. Anderson $5,000 from the proceeds of the sale for her homestead rights. If by this the court meant that she was to receive $5,000 over and above her abandoning spouse's share of the proceeds, the decree was correct. If it meant that she was to receive only $5,000 of the homestead estate through an equal division with her husband of the $10,000 estate, the decree was incorrect. As to this aspect of the case, the decree will be remanded for clarification in conformity with the views expressed in this opinion.

Anderson's complaint prayed that if the home could not be divided fairly, that it be sold and the proceeds divided according to the respective rights of the parties. The law favors a division of property in kind, and a sale is proper only where a division cannot be made without prejudice to the parties. To implement this policy, the law provides that the court shall appoint one or three commissioners to determine whether the property is susceptible of division. As early as 1890 it was held that an essential prerequisite to a decree authorizing a sale was "the appointment of commissioners to make partition, and a report by them that the land is not susceptible of partition * * * ." (*Coffin v. Argo* (1890), 134 Ill. 276, 278.) And as recently as 1976, this court stated that in partition "a decree of sale is erroneous unless it is based on the report of a commissioner or commissioners." (*Rosenbaum v. Rosenbaum* (1976), 38 Ill. App. 3d 1, 16, 349 N.E.2d 73, 84.) The statute authorizing commissioners is section 6 of the Partition Act. (Ill. Rev. Stat. 1973, ch. 106, par. 49.) The duties of the commissioner and the report they must make to the court are described in sections 8 and 9 of the Act. Ill. Rev. Stat. 1973, ch. 106, pars. 51, 52.

The defendant contends that section 6 of the Partition Act violates

article VI, section 14 of the Illinois Constitution of 1970, which states that "There shall be no fee officers in the judicial system." The defendant defines a fee officer as a nonsalaried officer of the court who is paid by the litigants or from the res. She concludes that a commissioner constitutes a constitutionally impermissible fee officer because section 6 of the Act also stated that he is to be allowed a reasonable sum for his services and expenses which are to be fixed by the court and taxed as costs.

In support of her contention, the defendant cites *Factor v. Factor* (1975), 27 Ill. App. 3d 594, 327 N.E.2d 396. *Factor* involved a dispute between two divorced parties over the division of their matrimonial home. The trial court appointed a commissioner to sell the property at a private sale, even though a State statute (Ill. Rev. Stat., 1973, ch. 22, par. 48) provided that any such sale of real estate must be made by the sheriff (a salaried employee) or held in open court. In discussing Article VI, section 14's application to this situation, the reviewing court stated that it was plain that the constitutional provision was primarily directed at abolition of the office of master in chancery. The court then went on to say:

> "We interpret this provision as operating also to prohibit the appointment of a commissioner for the purpose of selling the real estate, as was attempted by the circuit court in the case at bar. The commissioner would be a fee officer within the judicial system.
>
> This constitutional provision should be considered and construed in conjunction with the pertinent statute * * * ." 27 Ill. App. 3d 594, 597.

The pertinent statute referred to by the court appears to have been chapter 22, paragraph 48. The action of the trial court in *Factor* was in direct violation of this statute, which, as the reviewing court stated, had to be read in conjunction with article VI, section 14, of the 1970 Constitution. In the present case the action of the trial court was in direct compliance with section 6 of the Partition Act.

■■ A commissioner in a partition case inspects the property in controversy to ascertain whether it can be partitioned as directed by the court's decree. If it can be, he proceeds with the division; if it is not susceptible of division, he reports this to the court and recommends that it be sold. The commissioner, is not a judicial officer. He is but a ministerial adjunct of the court who performs a nonjudicial function.

Fee officers were also prohibited by the Constitution of 1870. (Art. VI, § 8.) Despite this identical prohibition (which went into effect January 1, 1964) it was generally regarded—as is the present one—as applying to judicial officers, or to quasi-judicial officers such as masters in chancery, not to lesser administrative assistants. This is evidenced by the continuing

statutes which authorize trial courts to appoint individuals to perform ministerial tasks, such as receivers in foreclosure proceedings (Ill. Rev. Stat. 1975, ch. 95, pars. 22b.57, 23.6—5, 23.6—6); receivers in corporate liquidations (ch. 32, par. 157.87); conservators (ch. 3, par. 113); trustees (ch. 148, par. 44); guardians (ch. 3, par. 133), and guardians ad litem (ch. 3, par. 67). See generally ch. 110A, par. 61(11).

The trial court cannot be found in error for following the statutory mandate. Its decree is affirmed.

Affirmed and remanded.

McNAMARA and McGLOON, JJ., concur.