FRANK T. ANDERSON, JR., Plaintiff-Appellee, v. KATINA L. ANDERSON, a/k/a Kathi Anderson, Defendant-Appellant.

First District (3rd Division)    No. 62890

Opinion filed July 22, 1976.—Rehearing denied November 4, 1976.

Martin Tiersky, of Chicago, for appellant.

Morgan, Lanoff, Cook & Madigan, of Chicago (Samuel M. Lanoff and James E. McParland, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Katina L. Anderson, appeals from an order of the circuit court of Cook County finding her guilty of contempt of court and assessing a fine of $1,000. Defendant has also appealed from an order entered by the trial court denying her motion to modify a decree of

partition. For our decision in that appeal see *Anderson v. Anderson* (1976), 42 Ill. App. 3d 781.

On May 6, 1975, the trial court entered the order denying defendant's motion to modify the decree of partition. The decree, entered April 18, 1975, contained a provision appointing James Flanagan as commissioner. It directed Flanagan, after he took and subscribed to the oath required by law, to go upon the premises and fairly and impartially make the partition and appraise the premises. The decree also provided that Flanagan "may employ a surveyor with necessary assistants to aid him." On June 3 plaintiff presented a petition for a rule to show cause asking that defendant be held in contempt for failure to comply with the decree of partition authorizing Flanagan as commissioner to go upon said premises. The petition contained the charge that from time to time "James Flanagan, by duly authorized agents in his office, made request upon Katina L. Anderson * * * to permit them entry to the premises * * * ." Attached to the petition was a copy of a letter sent to defendant by the commissioner. The letter recited that the commissioner had been unable to reach defendant by telephone, and requested that she telephone him regarding an appointment for an interior inspection of the premises. Defendant was also informed in the letter that if the commissioner was not in his office, she should ask for his secretary, Miss Cusick.

On June 5 defendant filed her notice of appeal from the order of May 6. On June 26 defendant filed a motion to strike plaintiff's petition for a rule to show cause on the ground that the commissioner had failed to take his oath and also because the court was without jurisdiction since an appeal had been filed. On June 30 plaintiff filed a petition requesting that an order be entered directing defendant to permit Flanagan to enter the subject premises. On that same date, the court entered an order directing defendant to permit Flanagan as commissioner to enter the premises on July 10 at 10 a.m., so that he might perform his duties. On July 9 the trial court denied defendant's motion to vacate the order of June 30. On July 16 plaintiff filed another petition for a rule to show cause charging that defendant should be held in contempt of court. The petition charged that Flanagan, on July 3, had advised defendant in writing that Mary Cusick "of his office as his agent" would make the interior inspection of the premises. The petition further stated that on July 10 defendant refused to permit "James Flanagan through his duly authorized agent, Mary Cusick to make an interior inspection of the premises." Defendant filed no responsive pleading to that petition for a rule.

On September 10 a hearing was held on the petition for a rule and was continued to September 12. The court stated that the defendant could not persist in refusing to permit the court's commissioner to come upon the premises. No witnesses were sworn, and no testimony was taken.

However, defendant stated as follows: "I don't feel I violated any order. A secretary came out to the house at 9:30 in the morning." The trial judge then asked the defendant whether she would permit the commissioner entry if he personally went out to the premises. Defendant replied that she would not. Shortly thereafter, on the same day, the trial court found defendant guilty of wilful contempt for failure to comply with the decree of partition and with the order of June 30 implementing the decree which authorized Flanagan as commissioner to go upon the subject premises for the purpose of making partition and fairly appraising the premises.

On appeal defendant contends that the trial court did not have jurisdiction to determine this matter because of the pendency of the prior appeal; that the facts stated in the petition for a rule did not charge defendant with a violation of any court order; and that the imposition of a flat fine was improper and unauthorized.

We agree with defendant's argument that she was not in violation of any order entered by the trial court. We hold, therefore, that it was error to adjudge her guilty of contempt of court.

The decree of partition and the subsequent order implementing the decree directed the commissioner to go upon the premises, make the partition and fairly appraise the premises. This direction was in conformity with the Partition Act. (Ill. Rev. Stat. 1975, ch. 106, par. 51.) Defendant was not in violation of either order in refusing to permit Miss Cusick entry on the premises. In so holding, it is not necessary for us to reach the issue of whether a commissioner's duties are delegable in any manner, other than in the employment of a surveyor. It is sufficient to determine that as far as this record is concerned, Miss Cusick, described by Flanagan as his secretary, was neither authorized nor competent to fulfill the duties of a commissioner. Nor do we regard defendant's negative response to the trial judge's hypothetical question as to whether she would permit Flanagan himself to go upon the premises at some future date to have constituted an act of contempt. In our view, the circumstances required that the court first enter an order directing the commissioner to personally enter the premises and directing defendant to permit such entry within a specified time, even if only a few days, before imposing so drastic a sanction as contempt for noncompliance. See *Robinson v. People* (1906), 129 Ill. App. 527.

In view of our holding, it is unnecessary to consider defendant's other contentions.

Accordingly, the order of the circuit court of Cook County adjudging defendant to be in contempt of court and fining her $1,000 is reversed.

Order reversed.

MEJDA, P. J., and McGLOON, J., concur.