FRANK T. ANDERSON, JR., Plaintiff-Appellee and Cross-Appellant, *v.* KATINA L. ANDERSON, a/k/a Kathi Anderson, Defendant-Appellant and Cross-Appellee.

First District (3rd Division)  No. 77-1407

Opinion filed May 24, 1978.—Rehearing denied July 25, 1978.

SIMON, J., dissenting.

Martin Tiersky, of Chicago, for appellant.

Morgan, Lanoff, Denniston & Madigan, Ltd., of Chicago (Samuel M. Lanoff, A. Louis Flynn, and James E. McParland, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Katina Anderson, appeals from a judgment of sale of real property and from an order of distribution of the proceeds of that sale. The orders were entered pursuant to a decree of partition. Plaintiff, Frank Anderson, has filed a cross-appeal challenging the distribution of the proceeds of the sale.

This matter has a prior history. In *Anderson v. Anderson* (1976), 42 Ill. App. 3d 781, 356 N.E.2d 788, this court affirmed the decree of partition and the appointment of a commissioner. We also determined that since plaintiff had abandoned the marital residence, his homestead rights accrued to defendant who thus was entitled to receive a net increment of $5,000 over plaintiff's share of the proceeds. At the same time we reversed an order adjudging defendant to be in contempt of court for conduct arising out of her refusal to allow an employee of the commissioner to come on the premises. (*Anderson v. Anderson* (1976), 42 Ill. App. 3d 787, 356 N.E.2d 793.) In view of the prior decisions only a brief recitation of the facts is necessary.

The subject matter of the partition decree is the parties' marital home. Title to the property is held by them as tenants in common. Plaintiff ceased living in the residence in October 1971 and has never returned. Defendant was awarded a decree of separate maintenance in April 1974. Two months later plaintiff filed suit for partition.

After our affirmance of the partition decree and of the commissioner's appointment, the latter inspected the premises and, over defendant's objection, filed his report which was approved by the trial court. The report recited that the subject property was in need of both exterior and

interior repairs. The nature of the recommended repairs was as follows: two coats of exterior paint, repair and painting of downspouts and gutters, and general cleaning and repair of the interior of the home. The commissioner was of the opinion that the residence in its present condition was worth $70,000 to $75,000. The report further stated that the recommended repairs would result in an increase of the fair market value of the home to approximately $120,000 to $125,000. The report contained no express finding that the property could not be divided without manifest prejudice to the parties.

An expert witness testified on behalf of defendant that the present value of the property was approximately $85,000. If the necessary repairs were made, he estimated the value would increase to $90,000. The cost of repairs, consisting primarily of interior and exterior painting, would be about $2,500.

On August 3, 1977, defendant filed a petition seeking reimbursement for expenses she had incurred in the maintenance of the subject property after February 1, 1974. Defendant's petition also requested an additional $10,000, representing the homestead interest to which she contended she was entitled under our prior ruling.

Plaintiff's answer to the petition challenged defendant's right to reimbursement for expenses incurred in the maintenance of the subject property subsequent to February 1, 1974. Plaintiff also argued that a correct interpretation of the decision in the prior appeal would result in a homestead interest of $5,000 rather than the $10,000 claimed by defendant. In a counterpetition plaintiff maintained that he was entitled to the entire proceeds of the sale since, according to the commissioner's report, the permissive waste attributable to defendant caused a 50-percent reduction in the market value of the premises. Plaintiff also stated that he was entitled to an award of the reasonable rental value of the property during the period when it was occupied solely by defendant and to an award of attorney's fees.

On September 27, 1977, a decree for sale of the premises was entered. On September 28, 1977, the trial court entered its order distributing the proceeds of the sale according to the following priorities: payment of the mortgage; $10,000 to defendant as her homestead award; $13,345.24 to plaintiff representing one-half of the depreciation, as calculated by the commissioner, attributable to lack of maintenance in the home; and the balance to the defendant. The subject property was sold at sheriff's sale on September 29, 1977, for $75,000. The confirmation of the sale has been stayed pending this appeal.

■■ Defendant first contends that the commissioner's report was insufficient to support a decree of sale because it failed to include a finding that the property could not be divided without manifest prejudice

to the parties as set forth in section 16 of the partition act (Ill. Rev. Stat. 1977, ch. 106, par. 59). Defendant, citing *Peck v. Peck* (1959), 16 Ill. 2d 268, 157 N.E.2d 249, and *Rosenbaum v. Rosenbaum* (1976), 38 Ill. App. 3d 1, 349 N.E.2d 73, argues that an essential prerequisite to a decree of sale is an express finding in the commissioner's report that the property is incapable of division in kind. A reading of those cases reveals, however, that the defect found in the respective decrees was not that the commissioner had failed to make an express finding as to division, but rather that no commissioner had been appointed as required by the statute. We do not read section 16 as literally mandating a written finding by the commissioner that the property cannot be divided in kind. In the present case, the commissioner's oath was made a part of the record. That oath states that if partition of the premises cannot be made without manifest prejudice to the parties in interest, an appraisal then will be made to determine the value of the property. It thus could be inferred that since the report contained an appraisal of the property, the commissioner had determined that the premises could not be divided in kind. Moreover, the trial court had before it several photographs of the single-family residence in question, introduced without objection, and from these photographs it could be determined easily that the property was not susceptible to division in kind. While an express finding in the commissioner's report that the property is incapable of division in kind would be preferable, we find that, under these circumstances, the absence of such a finding does not affect the validity of the decree of sale.

■■ Defendant next contends that the trial court erred in allowing the commissioner to be called as a witness by the plaintiff rather than by the court. Defendant asserts that allowing the commissioner to be called by a party undermines the impartiality required for the proper execution of his duties. The commissioner's sole testimony on direct examination consisted of an affirmation of his report. We find absolutely no prejudice to defendant as a result of the commissioner being called as a witness by plaintiff.

Defendant finally contends that a portion of the order of distribution was erroneous. She refers to that part of the order which awards plaintiff $13,345.24 as compensation for the depreciation of the home due to lack of maintenance. Defendant argues that the commissioner exceeded his statutory authority when he included in his report an opinion as to the effect of deferred maintenance upon the value of the property and that his report should have been confined to an appraisal of the present value of the premises. Defendant also contests the finding in the report that the lack of maintenance resulted in a $50,000 reduction in the fair market value of the home.

■■ We believe that both of defendant's contentions are well taken. The

472

commissioner's function under the statute is to appraise the value of the property, not to render an opinion regarding the repairs necessary to realize the highest market price. Even if the commissioner is authorized to offer such an opinion, we believe his finding that deferred maintenance resulted in a 50-percent decrease in the market value of the residence is contrary to the manifest weight of the evidence. The repairs described by the commissioner as necessary were relatively minor and primarily cosmetic; they were not structural. We fail to discern how such improvements could increase the market value of a residence by an estimated $50,000. That portion of the order of distribution awarding plaintiff $13,345.24 is therefore reversed.

Plaintiff has filed a cross-appeal alleging several errors. He first contends that our prior decision in *Anderson v. Anderson* (1976), 42 Ill. App. 3d 781, 356 N.E.2d 788, holding that defendant was entitled to the entire homestead award, is erroneous and should be reversed. Our prior decision is the law of the case (*Boyer v. Atchison, Topeka & Santa Fe Ry. Co.* (1966), 70 Ill. App. 2d 214, 217 N.E.2d 303), and we adhere to it.

Plaintiff further argues that the trial court misinterpreted the holding in the prior appeal and that defendant is not entitled to the $10,000 homestead award set forth in the order of distribution, but only to $5,000. The language of our prior opinion awarding defendant the entire homestead reads as follows:

"By abandoning his home, he [plaintiff] relinquished his homestead estate and the whole estate accrued to his wife. She is entitled to the entire homestead of $10,000 which * * * is to be set off from the proceeds of the sale, if the property is sold, before the balance is divided equally between them. She is thus to receive a net increment of $5,000 over his share of proceeds." (42 Ill. App. 3d 781, 785, 356 N.E.2d 788, 791.)

Plaintiff interprets "net increment of $5,000" to mean that the total homestead award payable to defendant is $5,000.

■■ The trial court correctly found that defendant was entitled to receive $10,000 from the proceeds of the sale before the balance is divided. Defendant already was entitled to a $5,000 award by virtue of her status as a co-tenant. Plaintiff's abandonment of the marital home resulted in his homestead rights accruing to defendant. Defendant thus realized a net gain of $5,000 over the award she would have received had plaintiff not relinquished his homestead rights. That portion of the order of distribution is affirmed.

Plaintiff next contends that the trial court erred in requiring him to reimburse defendant for one-half of the expenses incurred in the maintenance of the premises in question subsequent to February 1, 1974. One-half of the expenses for that period amounts to $11,284.76. Although

the order of distribution does not so recite, it appears that this ruling of the trial court was the primary basis for granting defendant the balance of the funds in the distributive order. (The record also reveals that defendant has an outstanding judgment against plaintiff in the amount of $2,660 for separate maintenance arrearages, and it appears that this amount of the judgment was taken from plaintiff's distributive share.)

■■ The record reveals that defendant made all the payments on the mortgage, taxes and maintenance of the subject property from February 1, 1974, to the date of order in question, September 27, 1977. The expenses amounted to $22,569.52. As a tenant in common, plaintiff was responsible for one-half of those expenses. (See *Gilmore v. Gilmore* (1975), 28 Ill. App. 3d 36, 328 N.E.2d 562.) The court correctly ordered that defendant be reimbursed by plaintiff in the amount of $11,284.76.

■■ Plaintiff also contends that the trial court erred in not requiring defendant to account for the reasonable rental value of the premises during the period when she alone was in possession. We believe the trial court was correct in disallowing this claim. Since defendant was entitled to the exclusive use of the homestead after plaintiff's abandonment, plaintiff is not entitled to claim any portion of the reasonable rental value of the premises. See *Strickler v. Yeats* (1941), 309 Ill. App. 128, 32 N.E.2d 681 (abstract).

Plaintiff in his cross-appeal finally maintains that under section 25 of the partition act (Ill. Rev. Stat. 1977, ch. 106, par. 68), he was entitled to an award of attorney's fees. That section provides in pertinent part:

> "In all proceedings for the partition of real estate, when the rights and interests of all the parties in interest are properly set forth in the complaint, the courts shall apportion the costs among the parties in interest in the suit, including * * * a reasonable fee for plaintiff's solicitor, so that each party shall pay his or her equitable portion thereof, unless the defendant * * * shall interpose a good and substantial defense to the complaint."

Plaintiff contends that defendant presented no valid defense to the partition suit and that the trial court erred in refusing to award plaintiff attorney's fees out of the proceeds of the sale.

■■ The phrase "a good and substantial defense" is not synonymous with a successful defense. A substantial defense made in good faith is sufficient to preclude the payment of attorney's fees. (*Jackson v. O'Connell* (1964), 46 Ill. App. 2d 49, 196 N.E.2d 714.) Here, the defenses to partition were substantial, and the trial court correctly refused to allow plaintiff attorney's fees.

In sum, the decree of sale is affirmed. As to the order of distribution, that portion of the order awarding the $10,000 homestead to defendant is affirmed as is that part mandating the payment of the mortgage balance.

474

The order denying plaintiff's claim for a portion of the reasonable rental value of the premises and for attorney's fees also is affirmed. The order awarding $11,284.76 to defendant for reimbursement of one-half the expenses on the subject property during the period February 1974 to September 1977 is affirmed. Additionally, defendant is entitled to be paid $2,660 by plaintiff as an amount representing an outstanding judgment against plaintiff for arrearages. That portion of the distribution order awarding $13,345.24 to plaintiff representing one-half of the depreciation on the subject property is reversed.

For the reasons stated, the orders of the circuit court of Cook County are affirmed in part and are reversed in part.

Affirmed in part; reversed in part.

McGILLICUDDY, J., concurs.

Mr. JUSTICE SIMON dissents from the order denying rehearing.